Alastair **KYLE**, Petitioner-Appellant,

v.

**UNITED STATES** of America,
Respondent-Appellee.

No. 323, Docket 25586.

United States Court of Appeals
Second Circuit.

Argued April 23, 1959.

Decided May 21, 1959.

Jon O. Newman and Ritter, Satter & Newman, Hartford, Conn., for petitioner-appellant.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Averill M. Williams, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for respondent-appellee.

Before LUMBARD, Circuit Judge, and GALSTON and ANDERSON, District Judges.

**ANDERSON, District Judge.**

The appellant, Alastair Kyle, was tried and found guilty under an indictment charging him and others with six counts of using the mails to carry out a fraudulent scheme, and one count of conspiracy to commit the substantive offense. On December 19, 1957, Kyle was given concurrent sentences of a year and a day on each of the seven counts. He appealed, but this Court affirmed the conviction, 2 Cir., 1958, 257 F.2d 559, and denied a petition for rehearing. After his petition for certiorari was denied, 358 U.S. 937, 79 S.Ct. 327, 3 L.Ed.2d 308 (Jan. 12, 1959), Kyle commenced this proceeding by filing a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. The United States District Court for the Eastern District of New York, Bruchhausen, J., denied this motion without a hearing, because it found that the motion, files and records of the case conclusively showed that the prisoner was not entitled to the relief sought. That ruling of the District Court is now before this court for review.

As no hearing was held at which testimony was presented, it is necessary to treat as true all facts stated in the petition, the accompanying affidavits and exhibits, and to disregard all contrary statements of fact in the Government affidavits. This does not mean, however, that conclusory allegations asserted by the appellant must also be accepted as true. United States v. Rosenberg, 2 Cir., 1952, 200 F.2d 666, 668.

The petition sets out four separate grounds, each of which the appellant claims is enough to show that he is entitled to a hearing. These will be described and considered seriatim.

*Suppression of correspondence:*

Prior to trial, the appellant turned over to the Government certain files of the defendant corporation, Toys of the World Club, Inc., of which Kyle was president. Included in these files was correspondence between the corporation and one Gessele, an Austrian toy manufacturer, who was to be a supplier of toys for the corporation. At the trial, the Government put into evidence certain letters from Gessele to the corporation. Kyle then demanded production of the letters from the corporation to Gessele; but the United States Attorney stated that he had no such letters, that they were not in the file, and that he had never seen them. Subsequently, the files were made available to appellant's counsel in order that he might search for the letters but he was unable to find them. The appellant now introduces an affidavit of an attorney for one of the co-defendants at the trial, who alleges that before trial, and while the files were in the Govern-

672

ment's possession, he examined the files and at that time saw the missing letters.

█ Even assuming the truth of these facts for the purposes of the motion, the District Judge was correct in refusing to hold a hearing. The appellant had a full opportunity to press his claim that the correspondence was suppressed during the trial of the case. The appellant knew or had ready at hand the means of knowing as much about the missing letters as he knows now. Cf. United States v. Sobell, D.C.S.D.N.Y.1956, 142 F.Supp. 515, 528, 530, affirmed 2 Cir., 1957, 244 F.2d 520. He had the opportunity to raise this point both at the trial and on the appeal. It does not appear that the statements made by the prosecutor were as misleading as appellant's counsel now claims. Statements that the files would be made available to the defense did not contradict representations that the prosecutor did not know of the letters in question.

█ The appellant claims that because he is raising the constitutional issue for the first time, he may utilize § 2255. But the remedy afforded by § 2255 is not a substitute for an appeal, "to correct errors committed in the course of a trial, even though such errors relate to constitutional rights." United States v. Walker, 2 Cir., 1952, 197 F.2d 287, 288; United States v. Rosenberg, supra. The section "may not be used to retry the case or to raise questions which might have been raised upon appeal." Sanders v. United States, 4 Cir., 1956, 230 F.2d 127, certiorari denied 351 U.S. 955, 76 S.Ct. 852, 100 L.Ed. 1478.

*Use of false testimony of the witness Messig:*

The appellant claims a denial of due process from the allegedly false testimony of one Meesig, who was a United States Postal Inspector. Cf. Smith v. United States, 5 Cir., 1955, 223 F.2d 750; Curran v. State of Delaware, 3 Cir., 1958, 259 F.2d 707. The facts surrounding this claim involve a change by the corporation in its accounting methods for tax purposes. In April 1956, Edgar Bilton,

who had done accounting work for the corporation, made closing entries as of October 31, 1955 which computed liabilities in terms of the entire amount received from customers, rather than on the estimated cost of toys needed to fill customers' subscriptions. The Government used these figures as evidence that the Corporation was insolvent and knew it was insolvent in October of 1955. Meesig, the Government inspector who had examined the corporate books, was asked if he knew when the entries were made, and he testified that he did not. The appellant now claims that this testimony was false, since Meesig had been told by Bilton that the entries were made in April, 1956.

█ But the District Judge was correct in finding that the answer, "I don't know," was not false testimony. Meesig was under no obligation to accept the accountant's statement as the truth, nor was he obliged to amplify his answer. If, indeed, this gave rise to an inference damaging to the appellant, counsel should have gone into the matter on cross-examination. See McGuinn v. United States, 1956, 99 U.S.App.D.C. 286, 239 F.2d 449, 451. Moreover witnesses were available who could have testified about the circumstances. In any event, there was nothing in the Meesig matter that could not have been argued at the trial and on the appeal. In fact, the subject matter was fully argued on appeal.

*False statement made at time of sentencing:*

█ At the time of sentencing, appellant's counsel called the Court's attention to an audit, made by agents of the Internal Revenue Service, which allegedly would have accounted for any funds supposed to be missing. The appellant sought to have the audit produced to counter any inference that he had acquired hidden profits. At this time the prosecutor told the Court that he had contacted the Internal Revenue Service, and had been told that they had made no such audit. The appellant now asserts that there are witnesses who will testify that they discussed this audit in the pres-

ence of the prosecutor, and that his statement to the court was wilfully false.

The appellee vigorously denies that an audit was made; but assuming, as we must, that it was made, there was no error in the District Judge's ruling. See United States v. Rosenberg, supra.

This claim was first raised by defense counsel on December 12, 1957, the first date set for sentencing. The verdict had been returned on November 19, 1957. It is clear that the defendant gained what information he had about the claimed audit sometime between those dates but before the time fixed for sentencing. He did nothing about it until actually before the court for sentencing. At that time his counsel made the claim, saying, "That the information that was given * * * and I am here merely repeating this from information given to me second-hand * * * is that all moneys were accounted for, and in that report which is in the possession of the Bureau of Internal Revenue * * *".

Judge Bruchhausen noted that ample time had already been given the defendant to prepare his presentation at the hearing on the imposition of sentence but nevertheless gave the defendant an additional week from December 12th to December 19th to look into the matter of the audit.

At the hearing on December 19th, when sentence was imposed, defense counsel, though they made lengthy statements in the defendant's behalf, said nothing at all about any audit in the hands of the Internal Revenue Service. The judgment of conviction cannot be collaterally attacked because defense counsel failed to press to a conclusion a claim which the defense itself had raised and had every opportunity to present in full.

*Knowing use of false testimony of the witness Matathias:*

The Government called, as a witness, Alexander Matathias, the Manager of Factors and Note Buyers, Inc. who testified that his corporation had acted as a check-cashing agency for Kyle and Toys of the World Club, Inc.

While the attorney for the Government was examining Matathias about Exhibit 52, which showed a list of the checks cashed by Matathias for the corporation, he asked the witness to state the total amount of the checks. Matathias gave the total as $118,989.02, which the appellant concedes was technically correct but which the appellant claims was likely to give the jury a false impression because, as a result of a "wash" transaction, the same figure of $12,741.10, in effect, appeared in the list twice. The appellant argues that while the check-transactions, as listed, added up to $118,989.02 the actual money involved was really $12,741.10 less, or $106,247.92. This point was raised and explained in detail on the appellant's direct appeal from his conviction and the court rejected it as a ground for finding error. What the appellant now claims on the present appeal is that after the former appeal, he discovered that on two occasions prior to the trial, Matathias had discussed with the Assistant United States Attorney the duplication of the $12,741.10 in Exhibit 52, and that therefore the Government's counsel knew of the duplication but wilfully refrained from bringing out the whole story because he wanted to give the impression to the jury that there was $12,741.10 in cash which the appellant could not or would not account for.

The appellant concedes that the corporate books correctly showed the total received from Matathias to have been $106,247.92 and that these corporate books were a part of the evidence in the case. At the trial and on the appeal defense counsel had the right to assume and apparently did assume that Government's counsel was familiar with the evidence. Post-trial statements by Matathias to show knowledge by the Assistant United States Attorney were cumulative and unnecessary. When the point of the reduplication of the $12,741.10 in Exhibit 52 was made on the appeal from the con-

viction, the appellant did not claim that the Assistant United States Attorney had merely made an unwitting error in not bringing out from the witness Matathias the whole story about $118,989.02, but couched his appeal in language charging knowing misconduct. The appellant said, "We think the above facts cast a devastating light upon this whole area of improper and prejudicial insinuations by the Government's Attorney that the defendants misappropriated the corporation's funds."[1] The present appeal on this point is simply a repetition of what has already been before this court, the only difference being that it is now offered with somewhat more explicit emphasis.

■ The record of the trial does not disclose sufficient evidence to warrant the conclusion that the prosecutor knowingly sought to make use of false testimony against the defendant-appellant. What really happened at the trial was that the possible significance of Matathias' limited testimony did not occur to defense counsel and he did not bother to cross-examine on it. The very fact that it did not dawn upon the mind of defense counsel until after the trial, demonstrates that counsel for the Government made nothing of the claimed inference of the unaccounted-for $12,741.10 during the trial. Had he done so, it certainly would have come to the attention of the defense.

When in the Rosenberg case [200 F.2d 669] defense counsel excused himself for not raising the question of damaging newspaper publicity on the trial because he hadn't seen or thoroughly read all of the newspapers, Judge Swan said,

"But if he did not realize it, there is no reason to suppose that the jury was more seriously affected."

This applies with even greater force in the present case.

Although the appellant claims that each of the four grounds offered to support his petition for a hearing involves new matter discovered since the trial, we must agree with Judge Bruchhausen that the appellant seeks a retrial of matters explored at the original trial of this action and on appeal.

■ There is a distinction between discovering new or additional facts after the trial, and having new implications from the old evidence occur to the defendant through his own later inspiration or through the ingenuity of his counsel. A hearing under § 2255 will not be ordered simply because in retrospect the same or new defense counsel can now point out that cross-examination should have been more thorough or should have followed a different course or that certain claims should have been pressed with a greater or somewhat different emphasis.

The order on appeal is affirmed.

---

1. Appellant's brief, Case No. 25064, U. S. A. v. Kyle, page 46.