Lester E. BUTLER, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 594.

United States District Court
D. North Dakota,
Southwestern Division.

Jan. 21, 1964.

Francis A. Breidenbach, Los Angeles, Cal., for petitioner.

Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., for respondent.

REGISTER, Chief Judge.

The petitioner in this action, Lester E. Butler, was one of the defendants named in criminal action number 156, which case was prosecuted in this Court. Mr. Butler was tried by a jury, convicted and sentenced, and from such judgment of conviction and sentence, he appealed to the Court of Appeals for the Eighth Circuit. That court affirmed said judgment by opinion published at 317 F.2d 249. Petition for writ of certiorari was denied by the Supreme Court, as reported at 375 U.S. 838, 84 S.Ct. 77, 11 L.Ed.2d 65. Subsequent to the filing of the mandate, petitioner surrendered to the United States Marshal at Bismarck, North Dakota, in execution of his sentence. This action, in the form of a motion for an order vacating the judgment of conviction and setting aside the sentence imposed in criminal number 156, pursuant to Section 2255, 28 U.S.C.A., was thereupon promptly filed. Notice of said motion was duly given to the United States Attorney for this District, and a hearing before this Court was granted. At such hearing, testimony was submitted and received on behalf of the petitioner and of the United States. Petitioner was personally present at all stages of said hearing and presented his own oral testimony.

As the basis of his motion, petitioner alleges and contends that at and during the trial of criminal action number 156 there was such a denial or infringement of his constitutional rights as to render the judgment therein vulnerable to collateral attack. Specifically, petitioner first contends that he was not accorded the right to counsel as guaranteed by the Sixth Amendment to the Constitution of the United States.

It is the opinion of this Court that that matter was directly raised by the petitioner before the Court of Ap-

peals in criminal number 156, was considered by said Court, and specifically determined adversely to petitioner by said Court, and this Court finds that determination to be res judicata.

At the time of the hearing herein, this Court took judicial notice of all the files, records, transcripts and briefs in criminal number 156, and specifically the appellants' brief and reply brief before the Court of Appeals. Reference is made to alleged Assignment of Error number V, entitled: "By the stand-in type of representation condoned in this case appellants * * * Butler * * * were not accorded their right to representation by counsel as guaranteed by the sixth amendment to the constitution", indexed at page ii of appellant's Opening Brief, argued therein beginning at page 94 thereof, and specifically argued as to this petitioner commencing at page 100 thereof. Reference is also made to the following portions of appellant's Reply Brief: Topical Index, point V, "Representation by Counsel", on page i, argument under "V. Representation by Counsel" generally, commencing at page 18, and specifically "As to Appellant Butler" commencing at page 20.

At the hearing herein some testimony was submitted by or on behalf of petitioner bearing upon this matter, which evidence was not contained in the record on appeal in criminal number 156. However, such testimony dealt with the specific alleged error and matter presented to the Court of Appeals, considered and determined by it, and the only apparent purpose for supplying such testimony in this proceeding is to attempt to prove that the determination made by the Court of Appeals, as based upon and as disclosed by the record before it, is incorrect. In that Court's opinion (317 F.2d at page 260), it is stated: "However, careful examination of the record discloses that not once during the trial was *any* defendant without adequate representation by a thoroughly competent lawyer.", and "While the procedure followed in this case is not to be encouraged

and should be avoided, we are nevertheless fully convinced that the constitutional safeguards were jealously preserved for the benefit of *all* defendants; * * * *". (Emphasis supplied.)

It is this Court's opinion that the petitioner here, contrary to his counsel's assertion, is doing nothing more than attempting to challenge the correctness of the appellate court's opinion and to relitigate the matter here involved.

Petitioner's second contention is "that the defendant (petitioner) was denied procedural due process as guaranteed to him by the Fifth Amendment of the Constitution of the United States, in that by the circumstances of the trial he was not accorded the opportunity to testify and introduce evidence in his own behalf".

Concerning this proposition, the Court makes the following findings: The final decision that the petitioner not testify and not actively defend in the criminal action was made personally by him, voluntarily, understandably and only after discussing the situation with his counsel. Petitioner in this proceeding complains about the time he actually received notice of the imminence of the need of his personal appearance at the trial in the event he decided to put on a defense, and contends that solely because of the time element did he decide to rest his case without putting on any evidence. The testimony and other evidence, including copies of letters to his attorney which are attached to and made a part of this motion, indicate the contrary. Mr. Butler concedes that his absence from the trial at the times involved was in fact, and within the meaning of Rule 43 of the Federal Rules of Criminal Procedure, voluntary. The evidence clearly indicates that the delay in petitioner's receiving notice of the trial status from his attorney was due to petitioner's absence from his home, without knowledge of his counsel, and in failing to keep his counsel advised of his current whereabouts. Petitioner concedes that he made no attempt, either directly or

through his counsel, to request a continuance to enable him to be present, and testified that he did not ask his counsel to make such request. Petitioner contends that, because of his avowed innocence, he at all times desired to testify and put in a defense at the trial. However, copies of letters to his counsel indicate that as early as January 31, 1961, (several weeks prior to the commencement of the trial) he was considering the possibility of a plea of *nolo contendere*—"Would he (the prosecutor, Mr. Vogel) make a deal with me on a nolo contendere that would not put me in prison?" Exhibit B, page 5, attached to Motion. It is obvious that what was concerning petitioner was the possibility of a prison sentence. In that letter (Exhibit B) he further stated:

"If you say so and if you could assure me that prison would not result, I would entertain the idea of a 'nolo' plea. Please be cautious in your approach to this. Remember my thirty years ago prison record. I could not risk 'Plead now and we'll decide later what to do about you'. A Probation Report including my 'record' could put me in prison. It would have to be ironclad.

"If this would help to satisfy Vogel, I might be able to influence a few others to take like action under similar assurance. Vogel would get his convictions. The court could dismiss the rest. The government would save a lot of money and everyone would be happy. That is, except me. I'd be a technical '3 time loser'. Not a pleasant prospect."

In a later letter (Exhibit I, dated May 25, 1961) petitioner refers to "the possibility that a deal could be made for probation or a brief sentence".

The evidence firmly establishes that prior to petitioner's decision in this matter, he discussed the trial and his situation in connection therewith at length with his counsel. The decision made by petitioner was in accord with the judgment and advice of his counsel, who was an able and experienced trial lawyer. Whether the various defendants in criminal number 156 actively defended or put in evidence on their own behalf was a matter of trial tactics. Many arrived at the same conclusion as did petitioner. The advice of petitioner's counsel was in accord with the advice given to many of the other defendants by their respective counsel—many of whom were also able and experienced trial lawyers. The testimony of Mr. Sperry (petitioner's counsel at the criminal trial) satisfies this Court that prior to deciding whether to put in a defense, the petitioner was fully advised of all pertinent matters, and that the advice given petitioner was an expression of Mr. Sperry's own best judgment.

The evidence clearly establishes that the decision made by petitioner concerning this matter was his own decision, voluntarily, understandably, thoughtfully, and independently made, with his own best interests in mind. Petitioner had prior courtroom experience, was mature mentally, was intelligent and was highly educated. There is no evidence which would justify a finding that his decision, under all the circumstances, constituted an infringement of his constitutional rights, and petitioner has wholly failed to sustain his burden of proving such contention.

Accordingly, it is the

Order of this Court that petitioner's motion be, and the same hereby is, in all things, denied.