Lester E. BUTLER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17595.

United States Court of Appeals Eighth Circuit.

Jan. 11, 1965.

Francis Breidenbach, Los Angeles, Cal., made argument for appellant and filed brief.

Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., made argument for appellee and filed brief with John O. Garaas, U. S. Atty., Fargo, N. D.

Before MATTHES, BLACKMUN, and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

Appellant and nineteen other persons were found guilty of violating 18 U.S.C.A. § 1341, in what is sometimes referred to as the Lenders Service Mail Fraud case. Following judgment of conviction imposing a prison sentence, appellant and sixteen of the others who were convicted appealed to this court. We affirmed. Butler v. United States, 317 F.2d 249 (8 Cir.1963), cert. denied 375 U.S. 838, 84 S.Ct. 77, 11 L.Ed.2d 65 (1963). Appellant now seeks review of an order of the District Court, Judge Register, denying a motion filed by him under 28 U.S.C.A. § 2255, to vacate the judgment. The

court's memorandum opinion is reported at 236 F.Supp. 424.

Appellant premised his motion for relief upon two grounds. One, that in the trial he was not accorded the right to counsel as guaranteed by the Sixth Amendment of the Constitution of the United States and the due process clause of the Fifth Amendment; two, that he was denied due process "in that by the circumstances of the trial he was not accorded the opportunity to testify and introduce evidence in his own behalf".

The assumption is warranted that Judge Register, who presided over the trial of the mail fraud case, was thoroughly cognizant of the representation by court appointed counsel that was afforded appellant in the trial, and the court probably would have been justified on the basis of its first-hand information and knowledge in denying the motion without a hearing. But the court granted a hearing on the issues raised, and evidence was offered which included the testimony of appellant, three lawyers who participated in representing appellant during the protracted trial and the former U.S. attorney who prosecuted the case. After consideration of the evidence and briefs of the parties, the court denied the motion, finding as to the first issue, that it "was directly raised by the petitioner before the Court of Appeals * * * was considered by said court, and specifically determined adversely to petitioner * * *. [T]hat the petitioner here, contrary to his counsel's assertion, is doing nothing more than attempting to challenge the correctness of the appellate court's opinion and to relitigate the matter here involved."

■■ We fully agree with the court's conclusion. The lack of representation contention was advanced in the prior appeal, and was couched in language almost identical to that here employed. We gave this claim of error careful and responsible consideration, see pp. 258–261 of 317 F.2d, and found it did not merit reversal of the judgment. Appellant is not entitled to another review of this question.

Although the strict doctrine of *res judicata* does not apply to § 2255 motions, Bent v. United States, 308 F.2d 585 (8 Cir.1962), cert. denied, 373 U.S. 917, 83 S.Ct. 1307, 10 L.Ed.2d 416 (1963); Lipscomb v. United States, 298 F.2d 9, 11 (8 Cir.1962), cert. denied 369 U.S. 853, 82 S.Ct. 941, 8 L.Ed.2d 12 (1962), it is firmly settled that a motion under § 2255 cannot serve the office of an appeal and that issues disposed of on a prior appeal will not be reviewed again via such a motion. Franano v. United States, 303 F.2d 470, 472 (8 Cir.1962), cert. denied, 371 U.S. 865, 83 S.Ct. 125, 9 L.Ed.2d 102 (1962); Holt v. United States, 303 F.2d 791 (8 Cir.1962) cert. denied 372 U.S. 970, 83 S. Ct. 1095, 10 L.Ed.2d 132 (1963); Davis v. United States, 311 F.2d 495 (7 Cir. 1963), cert. denied 374 U.S. 846, 83 S.Ct. 1906, 10 L.Ed.2d 1067 (1963); Smith v. United States, 265 F.2d 14 (5 Cir.1959), cert. denied 360 U.S. 910, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959). Appellant asserts however, that the foregoing rule has no application to this proceeding. He argues in effect, that the record on appeal from the judgment of conviction, insofar as it shed light on appellant's claimed denial of Sixth Amendment rights was "wholly and pitifully inadequate", and that this court's disposition of the representation issue should not be regarded as precluding us from taking another look at the question in light of the additional evidence that was adduced in this proceeding. We believe appellant is wrong in his basic premise. The prior appeal was considered on the original records, including the transcript of all the evidence. That voluminous transcript accurately disclosed all phases of the trial proceedings and enabled us to fully comprehend and determine the issue now before us. Moreover, a realistic view of the evidence in this hearing does not persuade us to believe that our prior determination of the question was misguided or incorrect.

Appellant's second ground for vacating the judgment—advanced for the first time in this action—that he was not accorded the opportunity to testify and in-

troduce evidence, is utterly lacking in merit.

█ It stands conceded that appellant voluntarily absented himself from the trial pursuant to Rule 43, Fed.R.Crim.P. in order to seek and obtain employment, however, he kept in touch with his lawyer through correspondence. Like many of the other defendants, some of whom were acquitted, appellant did not take the stand in his own behalf. He now asserts that his lawyer is solely to blame for the alleged deprivation of his constitutional rights. The testimony of his trial lawyer, Mr. Floyd B. Sperry, characterized by the court as "an able and experienced trial lawyer", completely refuted appellant's theory.

The trial court, on all of the evidence rejected appellant's contention, finding among other things, that appellant had prior courtroom experience, that appellant was mature mentally, was intelligent and was "highly educated" ; that the decision not to testify was made personally by appellant, voluntarily and understandingly and only after discussing the matter with his counsel. The court's full analysis of the evidence bearing on this issue appears in its memorandum opinion, supra.

We have examined the record and are convinced that the court's finding is supported by substantial evidence, and that appellant has failed to sustain his burden of establishing that he is entitled to have the judgment of conviction vacated.

The complaints of appellant are neither new nor novel to the courts. See e. g. Holt v. United States, 303 F.2d 791 (8 Cir.1962) cert. denied 372 U.S. 970, 83 S. Ct. 1095, 10 L.Ed.2d 132 (1963) ; Johnston v. United States, 254 F.2d 239 (8 Cir.1958). As is usually the situation in cases where the individual under sentence levels post-trial attacks against trial counsel, appellant seemingly was satisfied during the course of the trial with the type and quality of the services that were being rendered in his behalf. The jury's pronouncement of appellant's guilt apparently provoked

the change in his attitude. Since that eventful hour, appellant has endeavored to cast the blame for his predicament upon all others who participated in the trial—the Judge, the U.S. Attorney and his own lawyer—but in typical manner, appellant has failed to recognize and to consider the beam in his own eye.

On this record, there is no justification for vacating the judgment of conviction and the order appealed from is

Affirmed.