**Alan C. SPRINGER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17691.**

United States Court of Appeals Eighth Circuit.

Feb. 2, 1965.

Alan C. Springer, filed typewritten brief pro se.

John O. Garaas, U. S. Atty., Fargo, N. D., and Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., filed printed brief for appellee.

Before MATTHES, BLACKMUN and RIDGE, Circuit Judges.

PER CURIAM.

Alan C. Springer, along with others, was found guilty of violating the mail fraud statute, 18 U.S.C.A. § 1341. He appealed and we affirmed, sub nom. Butler v. United States, 317 F.2d 249, (8 Cir. 1963) cert. denied 375 U.S. 838, 84 S.Ct. 77, 11 L.Ed.2d 65 (1963). On April 2, 1964, Springer filed a motion under 28 U.S.C.A. § 2255 seeking to vacate the judgment of conviction on the grounds, (1) there was introduced and used as evidence in the trial, documents that had been "obtained illegally and without due process of law"; (2) that he had been denied his constitutional right to the assistance of counsel; (3) that he was in-

duced through fear and promises not to take the stand and testify in his own defense.

Springer was returned from the Federal Correctional Institution, Texarkana, Texas, to Bismarck, North Dakota, and on April 27, 1964, a hearing was held on the motion to vacate and Springer and his court appointed lawyer participated therein. At the conclusion of the introduction of evidence, counsel for Springer informed the Court that "Mr. Springer has asked me to inform the Court that he has already served some time and that, to set the sentence aside or to vacate it, would be of no value to him nor to society; * * * that Mr. Springer's position is that he would pray the Court for a reduction in the previous sentence imposed upon him."

■ The motion to vacate was denied, and by this appeal Springer challenges the court's action in denying the relief sought. Grounds (2) and (3), supra, of his motion to vacate have been abandoned, but Springer does assert that there was an illegal search and seizure of the records of Lenders Service Company, the bankrupt corporation of which he was president, and that such illegally seized records were introduced, to his prejudice, in the trial of the mail fraud case. In our view, the contention is devoid of substance. The undisputed facts are: In June, 1960 Lenders Service Company was adjudged a bankrupt in the United States District Court for Eastern District of Arkansas; the trustee in bankruptcy took possession of the books and records of the bankrupt company; that as the legal custodian of such records the trustee delivered them to United States Postal Inspectors. Thereafter, and prior to the commencement of the trial such records were transmitted to Bismarck, North Dakota. The records were available to attorneys representing the defendants and parts or all of such records were examined and inspected by defendants or their respective attorneys at will. In this situation we fail to comprehend any basis for asserting that this evidence was the product of an unlawful search or seizure.

■■ It is abundantly clear that at the time of the introduction of the claimed tainted evidence Springer was fully aware of the manner in which the records were obtained, however, Springer and the other convicted offenders failed to raise the illegal search and seizure issue in their appeal from the judgment of conviction. This leads us to once again observe that a § 2255 proceeding does not serve the office of an appeal. Butler v. United States, 340 F.2d 63, (8 Cir. 1965) and cases there cited; Glouser v. United States, 296 F.2d 853, 856 (8 Cir. 1961). And it is settled that the question whether evidence was seized illegally ordinarily may not be successfully raised in a proceeding which constitutes a collateral attack on the sentence, but must be presented in the appeal from the conviction. In Peters v. United States, 312 F.2d 481, 482 (8 Cir. 1963), we stated: "Moreover, even if the conviction had been the product of a formal trial in which evidence derived from illegal search and seizure had been used to convict, any legal wrong involved in the admission of such evidence would, where, as here, the circumstances of the search and seizure were known to appellant at the time, have had to seek its correction through procedure other than a motion under § 2255." Accord, Williams v. United States, 307 F.2d 366, (9 Cir. 1962). Finding no basis in the record for vacating the sentence, the order appealed from is affirmed.