**UNITED STATES of America,**

v.

**Lowell M. BIRRELL, Defendant.**

United States District Court
S. D. New York.
June 25, 1965.

See also 233 F.Supp. 921, 243 F. Supp. 38.

Robert M. Morgenthau, U. S. Atty, for the Southern District of New York, for United States, Paul R. Grand, Thomas J. Cahill, Asst. U. S. Attys., of counsel.

William B. Pennell, Menahem Stim, New York City, for defendant.

WYATT, District Judge.

The government moves under General Rule 9(m) for reargument of a motion made by defendant Birrell under Fed.R. Crim.P. 41(e) and granted in substantial part by order, with opinion, dated June 11, 1965, D.C., 242 F.Supp. 191. The motion for reargument was properly made returnable on June 28, 1965, but memoranda for and against the motion for reargument have been submitted and said motion may now be decided.

The points made by the government have all been carefully considered but they do not change the decision made.

It is neither necessary nor appropriate to discuss each of the points made for the government. Certain of them may be mentioned.

█ No hearing is necessary to determine whether Birrell abandoned the records. Certainly he did not throw them in a waste basket as was done with two of the items in Abel v. United States, 362 U. S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). It is assumed that at the time of the seizure Birrell was a fugitive from justice and that such statutory provisions as 18 U.S.C. §§ 1071 and 1073 were appli-

cable. I cannot, however, accept the argument for the government that such a fugitive as a matter of law abandons all of his property in the place from which he fled, or even that he abandons as a matter of law the property which was used as the means and instrumentality of the offense on account of which he fled.

Cases such as the recent Hair Industry, Ltd. v. United States, 340 F.2d 510 (2d Cir., January 26, 1965) or United States v. Fago, 319 F.2d 791 (2d Cir. 1963) have no application to the case at bar. They are instances where records in the possession of a corporation are required to be produced by that corporation over the claim by a sole stockholder that to do so would violate "his personal constitutional privileges under the Fourth and Fifth Amendments" (340 F.2d at 511). They have nothing to do with the seizure of records from the possession, actual or constructive, of the movant against whom the search and seizure were directed.

The government refers me to two recent decisions of Judge Weinfeld.

United States v. Epstein, D.C., 240 F. Supp. 84, was a case in which property belonging to a corporation was seized on the premises of that corporation under a search warrant. Judge Weinfeld held that the warrant was valid; he did say that, if invalid, the search violated no constitutional rights of "the individual defendants, even though they were stockholders or officers". The property was in the possession of the corporation and the search was of the premises of the corporation. Here, the property was in the possession (actual or constructive) of Birrell; the premises searched were those of an attorney and bailee of Birrell.

United States v. Cowan, D.C., 37 F.R. D. 215, was a case in which a guest at a hotel had failed to occupy his room or to pay his rent. The hotel evicted him, took his baggage from his room to the hotel office, and claimed a lien on the baggage. Federal agents without a warrant searched the baggage in the hotel office with the consent of the hotel. Judge Weinfeld held that there was no violation of the constitutional rights of the guest because he "had already forfeited his right to possession of the bags; when the hotel exercised its statutory lien it had legal possession". The facts are thus entirely dissimilar to those at bar.

The government repeats its argument that Dunn voluntarily turned over all the records to the Marshal as a compliance with the subpoena. Even were this true, it is difficult to see how Dunn had any authority to consent to a violation of the rights of Birrell. Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964).

The government has not argued (nor is it perhaps necessary on its theory) that the subpoena was valid. If this had to be determined, it would seem clear that the subpoena was "far too sweeping in its terms to be regarded as reasonable". Hale v. Henkel, 201 U.S. 43, 76, 26 S.Ct. 370, 380, 50 L.Ed. 652 (1906).

■ But no matter what Dunn said or did by way of consent, there could in these circumstances be no meaningful consent to or waiver of a violation of the constitutional rights of Birrell. This is because the search warrant and the impounding order, both on their face commands of a judicial officer, were served on Dunn as custodian of the records. As Judge Weinfeld has pointed out, surrender of property at that point is "not a voluntary surrender of property but rather submission to the force of the search warrant and respect for the processes of the law". United States v. Gross, 137 F.Supp. 244, 247 (S.D.N.Y. 1956).

Moreover, it seems farfetched for the government to argue that Dunn surrendered voluntarily "in order to avoid literal compliance with the subpoena" (government's memorandum on reargument, page 15). Once the Marshal had possession of the property by virtue of the search warrant, Dunn obviously could not comply with the subpoena and had a perfect excuse for not doing so. He had no con-

ceivable motive or interest "to avoid literal compliance with the subpoena".

 Finally to be noticed is the argument for the government that for standing to make this motion Birrell must prove that his possession of the records was *lawful*. The government cites United States v. Pete, 111 F.Supp. 292 (D.D.C. 1953) and United States v. Friedman, 166 F.Supp. 781 (D.N.J. 1958). Whatever authority these decisions may once have had cannot survive Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L. Ed.2d 233 (1960). If one having unlawful possession of narcotics (contraband) has standing to make a motion to suppress without showing such possession, surely the possessor of records (not contraband) has standing to make a motion to suppress by showing possession and without showing that such possession was lawful. Any other result would seem illogical and as exalting form over substance. The possessor of contraband narcotics would have standing to move under the Fourth Amendment while in the same circumstances the possessor of non-contraband records would have no standing. This cannot be the intendment of the principles laid down in Jones. See also Matthews v. Correa, 135 F.2d 534, 537 (2d Cir. 1943).

The motion for reargument is granted and on reargument the Court adheres to its decision.

The Court will hear the parties in Room 129 at 2 o'clock in the afternoon of Monday, June 28, 1965, on the question whether there is any reason why the seized property, or any part thereof, should not be returned to Birrell.

The Court will receive evidence at the same time and place as to the facts and circumstances relating to the taking into possession by the District Attorney of New York County on July 24, 1959 of certain records from the premises on Sugar Bottom Road, and relating to the subsequent custody of those records.

So ordered.