Harry R. SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18091.

United States Court of Appeals Eighth Circuit.

Feb. 23, 1966.

Anna R. Lavin, Chicago, Ill., made argument for appellant and filed brief with Maurice J. Walsh, Chicago, Ill.

Philip T. Riley, Asst. U. S. Atty., Des Moines, Iowa, made argument for the appellee and filed brief with Donald M. Statton, U. S. Atty., and Jerry E. Williams, Asst. U. S. Atty., Des Moines, Iowa.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

MATTHES, Circuit Judge.

Appellant, Harry R. Smith, was indicted for entering a federally insured bank with intent to commit a felony; to wit, a larceny, in violation of 18 U.S.C.A. § 2113 (a).[1] He was found guilty by a jury

---

1. "§ 2113. (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, man-

and was sentenced to prison for a term of twenty years. His conviction was affirmed. Smith v. United States, 331 F.2d 265 (8 Cir. 1964), cert. denied, 379 U.S. 824, 85 S.Ct. 49, 13 L.Ed.2d 34, rehearing denied, 379 U.S. 940, 85 S.Ct. 321, 13 L.Ed.2d 350. Thereafter, appellant moved, pursuant to Rule 35, F.R.Cr.P., for a reduction of the sentence. After a hearing, the court, on March 5, 1965, denied the motion. On June 7, 1965, appellant filed a motion, pursuant to 28 U.S.C.A. § 2255, to vacate the sentence. That motion was, after due consideration, also denied, and this appeal follows.

Six points are presented by appellant as grounds for vacating the sentence:

1. The second paragraph of 18 U.S.C.A. § 2113(a) is unconstitutional and void;

2. Section 2113(a) is unconstitutionally vague, uncertain and contradictory, in that it proscribes conduct which is not criminal in nature;

3. Since the larceny was completed by appellant, the entry with intent merged into the completed crime, and prosecution for entry with intent, under the second paragraph of § 2113(a), was improper;

4. The sentence imposed is in excess of that authorized;

5. The indictment was insufficient;

6. The conviction is contrary to the intent of Congress in enacting § 2113.

Additionally, appellant complains of the failure of the court to conduct a hearing on the motion.

Section 588b, Title 12 U.S.C.A., the predecessor of § 2113(a) provided:

"[W]hoever shall enter or attempt to enter any bank * * * with intent to commit in such bank * * * any felony or larceny, shall be fined * * * or imprisoned * * * or both."

The use of the term "felony", without limitation, caused confusion as to whether a common law, state, or federal felony was meant to be included. In Jerome v. United States, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943), the Supreme Court resolved the isssue by deciding that "felony" embraced only offenses which are felonies under federal law and affect banks protected by the Act. As a result of Jerome, the Congress, in 1948, amended the Act to provide:

"Whoever enters or attempts to enter any bank * * * with intent to commit in such bank * * * any felony affecting such bank * * * and in violation of any statute of the United States, or any larceny—."

Relying principally upon Jerome, appellant submits that the "limitations put on other felonies was not put on the commission of the larceny, and that the larceny need not be in violation of any statute of the United States, but could be a larceny in violation of the common law or as defined by statutes of the States. * * * The federal qualification on felony being omitted from 'any larceny', entry onto privately owned property to commit the larceny, solely offensive to local law is, within the purport and language of the section, as amended in 1948, violative of the limitations on powers granted to Congress under the Constitution and its Amendments." The appellant suggests that the only larceny which could constitutionally be prohibited by this statute would be larceny of bank funds insured by the federal government and that the larceny of anything else, such as a ballpoint pen or a check protector, is not properly within the purview of the statute.

The Supreme Court recognized in Jerome and in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), and explicitly held in Westfall v.

agement, or possession of, any bank * * *; or

"Whoever enters or attempts to enter any bank * * * with intent to commit in such bank * * * any felony affecting such bank * * * and in violation

of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

United States, 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036 (1927), that Congress is empowered to legislate in regard to a state bank which chooses to come into the banking system created by the United States. With this premise in mind, we conclude that, contrary to appellant's thesis, *Jerome* stands for the proposition that *any* larceny from a bank within the federal banking system is covered by the Act and is made a federal offense. Thus, the court indicated that the statute was sufficiently definite as to "larceny" and solely concerned itself with defining "felony" when it stated, 318 U.S. at p. 106, 63 S.Ct. at p. 486:

> "In the second place, Congress defined in § 2(a) robbery, burglary, and *larceny* but not felony. We can hardly believe that, having defined three federal offenses, it went on in the same section to import by implication a miscellaneous group of state crimes as the definition of the fourth federal offense." (Emphasis supplied).

■ In fact, consideration of § 2113 (b), in its entirety, makes it convincingly clear that it is a federal offense to take and carry away, with intent to steal, *any property*, or *any thing* belonging to, or in the care, custody or control, management or possession of any federally insured bank.[2] The expressions of the Supreme Court in Prince v. United States, supra, 352 U.S. 322, 77 S.Ct. 403, in regard to the legislative history of § 2113, lend support to the validity of our conclusion. And, as appellant frankly recognizes, in United States v. Poindexter, 293 F.2d 329 (1961), cert. denied, 368 U.S. 961, 82 S.Ct. 406, 7 L.Ed.2d 392, the Sixth Circuit sustained the conviction for the theft of a check protector from a federally insured bank.

■ Appellant's second contention, i. e., that § 2113(a) is unconstitutionally vague, uncertain and contradictory, is not supported by any authority, and we find it utterly without merit. The strong presumptive validity that attaches to an Act of Congress has led the Supreme Court to hold that statutes are not automatically invalidated as vague simply because difficulty is encountered in determining whether certain marginal offenses fall within their language. United States v. National Dairy Products Corp., 372 U.S. 29, at p. 32, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); Dean Rubber Mfg. Co. v. United States, 356 F.2d 161 (8 Cir. Feb. 8, 1965). We have examined this statute in light of the claimed infirmities and in light of all pertinent principles enunciated in *National Dairy,* supra, and are satisfied that it is immune from the attack of constitutional vagueness.

■ In Prince v. United States, supra, the Supreme Court was confronted with the question of the merger of offenses under the Federal Bank Robbery Act. There, the defendant had been given consecutive sentences of twenty years for the robbery and fifteen years for the entering. In holding the sentences illegal, the court stated, *inter alia,* 352 U.S. at p. 328, 77 S.Ct. at p. 407:

> " * * * The gravamen of the offense is not in the act of entering, which satisfies the terms of the statute even if it is simply walking through an open, public door during normal business hours. Rather the heart of the crime is the intent to steal. This mental element merges into the completed crime if the robbery is consummated."

Appellant relies generally upon the *Prince* opinion and, more particularly, upon the above quoted language, as authority for his contention that, inasmuch as a larceny from the bank was committed, the entry merged into the completed crime and, therefore, the prosecution should have been for the completed larceny, under subsection (b) of § 2113, which allows

2. The first paragraph § 2113(b) applies to thefts of property having a value in excess of $100, whereas the second paragraph of that subsection provides that it is an offense to steal property having a value not exceeding $100. The punishment varies according to the value of the property stolen.

a maximum penalty of ten years. We disagree.

Since the decision in the *Prince* case the merger issue has not infrequently been presented to the Courts of Appeals. See, Kitts v. United States, 243 F.2d 883 (8 Cir. 1957) where we ruled illegal a sentence of ten years for larceny which had been superimposed upon a sentence of twenty years for entering with intent to commit a felony; LaDuke v. United States, 253 F.2d 387 (8 Cir. 1958), where we upheld a conviction under the entry provision, although the larceny had been completed. Accord: Purdom v. United States, 249 F.2d 822 (10 Cir. 1957), cert. denied, 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed. 2d 273; Counts v. United States, 263 F.2d 603 (5 Cir. 1959), cert. denied, 360 U.S. 920, 79 S.Ct. 1440, 3 L.Ed.2d 1536; United States v. Williamson, 255 F.2d 512 (5 Cir. 1958), cert. denied, 358 U.S. 941, 79 S.Ct. 348, 3 L.Ed.2d 349. We deem it unnecessary to restate the courts' views in upholding convictions for entry with intent to commit a felony, even though the felony had been completed. Unlike the situation in *Prince*, appellant was not prosecuted, convicted, and given consecutive sentences for the offense of entering and for the completed crime; thus, there has been no pyramiding of sentences which the Supreme Court struck down in the *Prince* case.

■■ The merger argument is an integral part of appellant's contention that the sentence imposed is in excess of that authorized by law. We find no merit in this assignment. The punishment meted out to appellant was concededly within the range specified by the applicable statute, and is beyond our control. Flores v. United States, 238 F.2d 758 (9 Cir. 1956); Granger v. United States, 275 F.2d 127 (5 Cir. 1960); Jones v. United States, 117 U.S.App.D.C. 169, 327 F.2d 867, 869–870 (1963). The fact that the sentence imposed exceeded appellant's expectation,[3] or that the maximum penalty sanctioned by the statute is greater than the maximum authorized for other federal offenses does not vest us with power to interfere. Verdon v. United States, 296 F.2d 549, 553–554 (8 Cir. 1961), cert. denied, 370 U.S. 945, 82 S.Ct. 1590, 8 L.Ed.2d 811; Baker v. United States, 334 F.2d 444, 449 (8 Cir. 1964).

Appellant also attacks the sufficiency of the indictment, claiming that it is fatally defective, because it failed to allege that: the intent was to commit the larceny "in such [a federally protected] bank"; the larceny affected "such bank"; and, the larceny was "in violation of a statute of the United States".

Appellant did not challenge the sufficiency of the indictment in his former appeal, although he was represented by the same able and experienced lawyers who initiated this proceeding and who are prosecuting this appeal.[4]

■■ It is well settled that the sufficiency of an indictment is not open to collateral attack, by motion to vacate sentence, in the absence of exceptional circumstances.[5] Jackson v. United States, 325 F.2d 477, 478–479 (8 Cir. 1963), and cases there cited. Here, there is no showing of the existence of any circumstances which could render the indictment vulnerable to attack in a collateral proceeding. The point is rejected.

3. In all probability, the district judge, in assessing the maximum penalty, took into consideration not only the nature of the offense but also that appellant, according to his brief filed in this appeal, previously had been convicted five times for theft from interstate shipment; grand larceny and robbery; possession of burglar tools; burglary and unlawful flight to avoid prosecution; and burglary, respectively.

4. We have some difficulty in understanding why appellant's retained lawyers, who are demonstrably well versed in criminal law and experienced in handling criminal cases on every level, failed to present and advocate any of the instant contentions in the appeal from the judgment of conviction.

5. The indictment alleged that appellant and his co-defendant entered the Altoona, Iowa, bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, with intent to commit a felony, to wit, a larceny, in violation of Title 18 U.S.C.A. § 2113(a).

The gist of appellant's sixth point is that he should have been prosecuted by the Iowa authorities, in the Iowa state courts, and not by the federal authorities in the federal court. The contention is patently frivolous. The fact that appellant was arrested by local county authorities in the same county in which the crime was committed, was lodged in the county jail, and was delivered by local authorities to the federal authorities for prosecution, does not detract from the legal consequences attending the entry of the federally insured bank for an illegal purpose. Appellant violated a federal statute and subjected himself to prosecution in the federal court.

None of the grounds enunciated in appellant's motion required the court to conduct a hearing, and we must rule that appellant's contention in this regard is without substance. The six points we have discussed, supra, clearly presented legal questions and a factual hearing was not called for, and would not have aided either the court or appellant. We suspect, from an examination of the last three asserted grounds for relief appearing in appellant's motion, filed in the district court, that what he really desired was another opportunity to relitigate the question whether he had effectively been denied the right to cross-examine Dalia, his named co-defendant, or was otherwise prejudiced by the circumstances surrounding the cross-examination.[6] This issue was exhaustively explored in our former opinion, 331 F.2d 265. Cases are legion holding that a motion pursuant to 28 U.S.C.A. § 2255 is not a substitute for, and does not serve the office of, an appeal, Springer v. United States, 340 F.2d 950 (8 Cir. 1965), and that issues disposed of by the court of appeals on review of the original judgment will not be reviewed in a collateral attack by motion pursuant to § 2255. Additionally, we observe, once again, that Townsend v.

Sain, 372 U.S. 293, 312–319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) does not dictate that an evidentiary hearing is required in all cases. Harris v. Tahash, Warden, 353 F.2d 119 (8 Cir. Dec. 2, 1965); Copenhaver v. Bennett, Warden, 355 F.2d 417 (8 Cir. Feb. 1, 1966). As we observed in the latter case, at p. 421:

> "The district courts clearly have discretion to utilize reasonable procedures to ascertain whether the claim is substantial before granting a full hearing. * * * ' * * * each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought * * * ' ".

We have studied the entire record before us and the contentions of appellant and are convinced that no legal grounds have been presented justifying vacation of the judgment and sentence. The order appealed from is affirmed.

---

6. Paragraphs (g), (h) and (i) of appellant's motion alleged, in substance, that appellant was convicted on illegal evidence and wrongfully deprived of the right of cross-examination; that appellant's conviction was upheld by this court on a mistake of fact; that the inferences from Dalia's refusal to answer added critical weight to the prosecution's case in a form not subject to cross-examination.