**UNITED STATES of America,**
**Appellee,**

v.

**Gerardo A. RE, also known as Jerry A. Re and Gerard F. Re, Appellants.**

**No. 208, Docket 30710.**

United States Court of Appeals Second Circuit.

Argued Nov. 17, 1966.

Decided Feb. 6, 1967.

See also 2 Cir., 336 F.2d 306.

David M. Dorsen, New York City (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Robert L. King, Asst. U. S. Atty., on the brief), for appellee.

Daniel H. Greenberg, New York City, for appellants.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Gerardo A. Re and Gerard F. Re appeal from an order of the United States District Court for the Southern District of New York denying their motion under 28

U.S.C. § 1651, the all writs statute, for a writ in the nature of a writ of error *coram nobis.* Appellants were convicted of violating the Securities Act of 1933 and the Securities Exchange Act of 1934. This court affirmed their convictions, 336 F.2d 306 (1964), and the Supreme Court denied certiorari, 379 U.S. 904, 85 S.Ct. 188, 13 L.Ed.2d 177 (1964). They now attack their convictions on the ground that at their trial they were denied certain constitutional rights. We find no merit in appellants' contentions and therefore affirm the order denying their motion.

■ Since appellants are on probation they are in custody and are entitled to seek a remedy under 28 U.S.C. § 2255.[1] See United States v. Washington, 341 F.2d 277, 280 (3d Cir.), cert. denied sub nom. DeGregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965); cf. United States ex rel. Brewer v. Maroney, 315 F.2d 687 (3d Cir. 1963); Dillingham v. United States, 76 F.2d 35 (5th Cir. 1935). We treat their motion as having been made under that section.

I.

Appellants' first contention is that their constitutional rights were invaded when certain records were used as evidence against them. These records consisted of cash books maintained by one Birrell. Birrell was originally indicted along with appellants but his trial was severed because at the time of appellants' trial he was a fugitive from justice.

At their trial appellants objected to the admission of the cash books on the ground that they should be excluded as hearsay. On the appeal from their conviction this court held that the cash books were properly admitted as business records. 336 F.2d at 312–314.

Two years after appellants' conviction a motion by Birrell to suppress these records as evidence against him was granted on the ground that the records had been unlawfully seized. United States v. Bir-

1. "§ 2255. *Federal custody; remedies on motion attacking sentence.*

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnera-

ble to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

A writ of error coram nobis is available to one who has been released from custody. See United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); United States v. Garguilo, 324 F.2d 795, 796 (2d Cir. 1963).

rell, 242 F.Supp. 191 (S.D.N.Y.1965); 243 F.Supp. 36 (S.D.N.Y.1965).

Appellants contend that they are entitled to take advantage of the suppression of Birrell's records, i. e. that their conviction must be set aside because the records which were suppressed as to Birrell were used against them.

 Since appellants did not move at their own trial to suppress this evidence although they were aware of the circumstances in which it was obtained, appellants cannot now raise the claim of illegal seizure. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). Moreover,

> "[A] § 2255 proceeding does not serve the office of an appeal. Butler v. United States, 340 F.2d 63 (8 Cir. 1965) [cert. denied, 382 U.S. 847, 86 S.Ct. 92, 15 L.Ed.2d 87 (1965)] and cases there cited; Glouser v. United States, 296 F.2d 853, 856 (8 Cir. 1961) [cert. denied, 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962)]. And it is settled that the question whether evidence was seized illegally ordinarily may not be successfully raised in a proceeding which constitutes a collateral attack on the sentence, but must be presented in the appeal from the conviction." Springer v. United States, 340 F.2d 950, 951 (8th Cir. 1965); United States v. Jenkins, 281 F.2d 193 (3d Cir. 1960); Kyle v. United States, 266 F.2d 670, 672 (2d Cir. 1959), cert. denied, 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109 (1959).

 In any event appellants' claim lacks substantial merit. They had no personal or proprietary interest in these records and therefore no standing to secure their suppression. Wong Sun v. United States, 371 U.S. 471, 491–492, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. Bozza, 365 F.2d 206, 222–223 (2d Cir. 1966); United States v. Granello, 365 F.2d 990, 996 (2d Cir. 1966), petition for cert. filed, 35 U.S.L.Week 3175 (U.S. Nov. 15, 1966) (No. 750).

## II.

Appellants' second contention is that they were wrongfully excluded from a hearing which took place in the trial judge's chambers and which was concerned with a possible conflict of interest of an attorney who had formerly represented them. This procedure, they claim, deprived them of their constitutional right to a public trial and to be confronted by the witnesses against them.

 We need not decide whether appellants had a constitutional right to be present and to confront their former counsel at the hearing concerning his conflicting interests. Compare Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); Stein v. United States, 313 F.2d 518, 522 (9th Cir. 1962), cert. denied, 373 U.S. 918, 83 S.Ct. 1307, 10 L.Ed.2d 417 (1963); Glouser v. United States, 296 F.2d 853 (8th Cir. 1961), cert. denied, 369 U.S. 825, 82 S.Ct. 840 (1962); Cox v. United States, 309 F.2d 614, 615–616 (8th Cir. 1962) and People ex rel. Lupo v. Fay, 13 N.Y.2d 253, 246 N.Y.S.2d 399, 196 N.E.2d 56 (1963), cert. denied, 376 U.S. 958, 84 S.Ct. 979, 11 L.Ed.2d 976 (1964) with Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) and People v. Anderson, 16 N.Y.2d 282, 266 N.Y.S.2d 110, 213 N.E. 2d 445 (1965). Appellants waived any such right to be present by failing to object to their alleged exclusion either at the trial or upon direct appeal. See Stein v. United States, supra, 313 F.2d at 522 (alternative holding); Kyle v. United States, supra, 266 F.2d at 672; United States v. Jenkins, supra, 281 F.2d at 193–194.

 Moreover, "it is only when there has been the *denial of the substance of a fair trial* that the validity of the proceedings may be * * * collaterally attacked or questioned by motion in the nature of a petition for writ of error coram nobis or under 28 U.S.C.A. 2255." Glouser v. United States, supra, 296 F.2d at 856, quoting Howell v. United States, 172 F.2d 213, 215 (4th Cir.), cert. denied,

337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718 (1949).

Appellants' absence from the hearing was apparently entirely voluntary and they would have been admitted had they presented themselves. Their counsel attended the hearing and appellants had access to the entire transcript of the hearing before their first appeal and indeed reprinted it in their appendix on that appeal. The issue considered at the hearing was before this court on the previous appeal. We concluded that no impropriety or prejudice to appellants had been shown.[2] The question of appellants' absence from the hearing was not raised by counsel nor by appellants themselves at any time during the earlier proceedings.

Appellants' claim that hearing the conflict of interest matter in chambers constituted denial of a public trial is equally without merit. Hayes v. United States, 296 F.2d 657, 668 (8th Cir. 1961), cert. denied, 369 U.S. 867, 82 S.Ct. 1033, 8 L.Ed.2d 85 (1962).

In these circumstances, the "motion * * * files and records of the case conclusively show that [appellants are] entitled to no relief"[3] and the trial court correctly denied them a hearing. Simmons v. United States, 302 F.2d 71, 80 (3d Cir. 1962); Burley v. United States, 295 F.2d 317 (10th Cir. 1961).

### III.

Appellants argue that the District Judge should have disqualified himself under 28 U.S.C. § 455,[4] since he would be a material witness at any evidentiary hearing held to determine the circumstances of their absence from the conflict of interest hearing. "[T]he literal terms of 28 U.S.C. § 455 (1958) require disqualification only if the judge *is* a witness." United States v. Hughes, 325 F.2d 789, 792–793 (2d Cir.), cert. denied, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178 (1964). Here, the trial

judge properly denied appellants a hearing and therefore the occasion for his testimony never arose. We need not decide the extent to which considerations of efficient judicial administration and particularly "the purpose of section 2255 * * * to permit the trial judge, because of his familiarity with the proceedings and ability to supplement the record," may limit the scope of Section 455. See United States v. Smith, 337 F.2d 49, 51–54 (4th Cir. 1964), cert. denied, 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436 (1965).

The order denying appellants' motion is affirmed.

WATERMAN, Circuit Judge (concurring):

I concur in affirming the denial of appellants' motion, and concur in my brother Hays's opinion disposing of two of appellants' three claims: the claim that appellants' constitutional rights were invaded when Birrell's cash books were admitted into evidence at trial, and the claim that Judge Bonsal should have disqualified himself from acting upon their motion.

However, I do not find enough in any record to satisfy me that appellants, at the time when their trial counsel arranged for the *in camera* hearing relative to Mr. Z, would have been admitted to Judge Bonsal's chambers, or to satisfy me that they voluntarily excluded themselves from attendance knowing what testimony was there to be taken. Therefore, I do not agree that appellants at trial intentionally relinquished a constitutional right that they were aware of at that time.

I do agree that they are fully chargeable with awareness and knowledge of the contents of the printed appendix they filed with us when they took their direct appeals, United States v. Re, 336 F.2d 306 (2 Cir.), cert. denied, 379 U.S. 904, 85 S.Ct. 188 (1964), from their convic-

2. 336 F.2d at 318–319.

3. 28 U.S.C. § 2255. See supra note 1.

4. § 455. *Interest of justice or judge.*
 Any justice or judge of the United

States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness * * *.

tions, which appendix contained the complete transcript of the *in camera* hearing. The issue appellants now seek to raise collaterally was implicit in the claims made to us on the direct appeal, United States v. Re, supra at 318–319; and the trial court, in view of our previous disposition of the issue, properly denied this collateral motion. See United States v. Marchese, 341 F.2d 782, 789 (9 Cir.), cert. denied, 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965); Matysek v. United States, 339 F.2d 389, 391 (9 Cir. 1964), cert. denied, 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965); Stein v. United States, 313 F.2d 518, 522 (9 Cir. 1962), cert. denied, 373 U.S. 918, 83 S.Ct. 1307 (1963); United States v. Jenkins, 281 F.2d 193 (3 Cir. 1960).