**UNITED STATES of America**

v.

**Harry WORKMAN, Defendant.**

**No. 61 CR. 200.**

United States District Court,
S. D. New York.

June 17, 1974.

Noah L. Braunstein, New York City, for defendant.

Paul J. Curran, U. S. Atty. by Franklin B. Velie, Asst. U. S. Atty., New York City, for plaintiff.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

Defendant Harry Workman was indicted with fifteen others on March 1, 1961 for violations of the federal securities laws. Workman failed to appear for arraignment and a bench warrant was issued for his arrest. Defendant, according to his counsel, is a citizen of Canada, and is presently residing in Canada.

Defendant now moves to dismiss the indictment. He argues that, in view of

Judge Wyatt's order granting the motion of several co-defendants to suppress certain evidence, *United States of America v. Birrell,* 242 F.Supp. 191, 243 F.Supp. 36 (S.D.N.Y.1965), and the Nolle Prosequi of the indictment as to certain of Workman's co-defendants, forcing him now to stand trial "would be a futility," Memorandum in Support of Motion to Dismiss Indictment, p. 3, since there is insufficient evidence to sustain a successful prosecution.

However, Rule 12(b)(1), Fed.R.Crim. P., provides only for pre-trial motions which are "capable of determination without the trial of the general issue . . . ."

Since, ordinarily it cannot be determined whether the Government has enough evidence to sustain a conviction until it has presented its case, the first opportunity to test the strength of the Government's case is a motion for judgment of acquittal at the close of the Government's case. Rule 29(a).

Although the Government acknowledged in its application for leave to file a Nolle Prosequi as to defendants Birrell, Kurlander and Fisher, that it could not "successfully prosecute" the case as to those defendants it has made no such acknowledgement as to Workman. Moreover, even if it is assumed that Judge Wyatt's suppression order were applicable to this defendant, the Government may have additional evidence against Workman. There is, obviously, no way of ascertaining the extent of the Government's evidence since the prosecution is not required to disclose its evidence to the accused in advance of trial, except to the extent required by Rule 16, Fed.R.Crim.P., and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215 (1963).

The court need not decide whether defendant's failure to appear for arraignment deprives him of standing to raise this motion.

The motion is denied.

So ordered.