Joseph **ABRAMS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 31, Docket 29696.

United States Court of Appeals Second Circuit.

Argued Sept. 21, 1965.

Decided Oct. 21, 1965.

See also 117 U.S.App.D.C. 200, 327 F.2d 898; D.C., 35 F.R.D. 529.

Samuel Gottlieb, New York City (Gainsburg, Gottlieb, Levitan & Cole, and Stephen A. Lefkowitz, New York City, on the brief), for appellant.

Michael J. Gillen, Asst. U. S. Atty., Eastern District of New York (Joseph P. Hoey, U. S. Atty., Eastern District of New York, on the brief), for appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

### J. JOSEPH SMITH, Circuit Judge:

Joseph Abrams served sentences and paid fines imposed in the United States District Court for the Eastern District of New York on judgments of conviction based on guilty pleas to two counts alleging attempted evasion of corporate and personal income taxes for the year 1952. Thereafter he moved to set aside the judgments, withdraw the pleas, and dismiss the indictments. The Court, Leo F. Rayfiel, Judge, denied the motions and Abrams appeals. We find no error and affirm the denial of the motions.

Abrams, a formerly practicing accountant, was the principal stockholder and active head of a corporation largely engaged in clothing manufacture for the government. Concededly, for one reason or another, large payments purportedly to subcontractors and suppliers were incorrectly made out and paid to others than those named on the checks and books. After an original Internal Revenue audit for 1951 and 1952 was under way and recommendation was made by Blacher, the auditing agent, that the taxpayer's figures be accepted, special agents of the intelligence unit entered the picture, an investigation was had, indictments were obtained and Abrams entered guilty pleas to two counts of attempted evasion of corporate and personal income tax, based on the year 1952. Other counts were dropped. Abrams was sentenced to a term of imprisonment concurrent with a term he was then serving on another charge, fined and placed on probation to follow the imprisonment. One of the conditions of probation was that he clear up the corporate and individual tax liability when it should be finally determined. Abrams paid or deposited some $93,000 to assure the carrying out of his undertaking to see that the taxes were paid. Reaudit indicated a total amount due of some $65,000 which was credited to the taxpayer's accounts, and the balance with interest repaid by check to Abrams. Abrams later filed claim for refund.

Abrams relies on affidavits and documents showing that Blacher, the revenue agent, had on a further reaudit reversed some of his earlier findings as to corporate expenditures, resulting in a finding of a refund due to Abrams of taxes and penalties, including those for the year in question. Such a reaudit report was in fact made, and checks for refund based thereon apparently drawn but not issued. The record is somewhat confused by the fact that, as mentioned above, other checks had been received by Abrams for a repayment with interest of a portion of the moneys deposited by him at the time of sentence to guarantee payment of the tax eventually found to be due, after credit to the corporate and individual tax accounts of some $65,000 in taxes, penalties and interest for 1951 and 1952, from the amount so deposited. Government affidavits purported to demonstrate that the latest Blacher reaudit was without substantial foundation, based largely on unsubstantiated schedules and statements of Abrams and the record of Abrams' testimony in another trial.[1] In this situation the court was justified in the conclusion that Abrams had failed to make a sufficient showing of availability of evidence to demonstrate that no tax was in fact due to require a hearing on his motions.

After all, what Abrams had the burden of demonstrating was the true condition of the corporate earnings for the

1. See United States v. Kravitz, 281 F.2d 581, 583, 3 Cir. 1960, esp. fn. 3, likening Abrams and Kravitz to the principals in the "Highwayman's Case."

year in question, from which both charges flowed, not Blacher's conclusions from statements by interested secondary sources. Without a hearing, facts alleged by a movant would ordinarily be taken as true, but not mere "conclusory allegations." Kyle v. United States, 266 F.2d 670, 2 Cir. 1959, cert. den. 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109 (1959). Abrams, who had the best opportunity to know the facts, and was represented by counsel, had entered guilty pleas. His claims now that the pleas were involuntary because of other charges pending are not supported, and his claims that the tax was not due rely on Blacher's apparent conclusions, not on any showing of the existence of any solid underlying proof. The court was correct in holding that he has failed to make a sufficient showing of probability of error in the tax calculation to require either the issuance of a writ of error *coram nobis* or a hearing thereon. The denial of the motions is affirmed.