Carroll M. JENKINS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13781.

United States Court of Appeals
District of Columbia Circuit.

Argued June 27, 1957.

Decided Aug. 22, 1957.

Mr. Cecil A. Beasley, Jr., Washington, D. C., with whom Mr. R. J. Shortlidge, Jr., Washington, D. C. (both appointed by this Court) was on the brief, for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Edward P. Troxell, Principal Asst. U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and FAHY and BURGER, Circuit Judges.

PER CURIAM.

Appellant moved under 28 U.S.C. § 2255 to vacate and set aside the judgment and sentence in Criminal Case No. 1031–53. The District Court denied this motion without a hearing, on the ground that "The motions, the files and the records of the case conclusively demonstrate that the prisoner is entitled to no relief."

We think appellant's allegations of ineffective assistance of counsel required a hearing, particularly because it may appear that appellant's interests conflicted with the interests of co-defendants who were represented by the same counsel. Cf. Glasser v. United States, 315 U.S. 60, 75–76, 62 S.Ct. 457, 86 L.Ed. 680. Moreover, when appellant appeared for sentencing no one was afforded an opportunity to make a statement in his behalf as required by Rule 32(a), F.R.Crim.P. [18 U.S.C.]. It is immaterial that counsel said he had

"nothing further to add" to what he had previously said, in appellant's absence, at the time co-defendants were sentenced. The appellant was entitled to have a statement "made in open court and in his presence." Gadsden v. United States, 96 U.S.App.D.C. 162, 166, 223 F.2d 627, 631. Appellant must therefore be resentenced even if the hearing discloses no ground for further relief.

Vacated and remanded.

BURGER, Circuit Judge (dissenting).

I would remand this case only for resentencing, since it appears that appellant was not present when his counsel made the only comprehensive statement presented in his behalf.

The majority justifies its order for a hearing under Section 2255 on the ground that we must accept as true petitioner's statement that he was "induced" by his counsel "to plead guilty to a crime I didn't commit with the understanding by the attorney and the judge that I wouldn't get much time" and "led me to believe that because of my close relationship with the defendant Julia Fields that I was equally as guilty as she * * * "

I agree that the *ultimate* facts alleged in such a petition must be accepted as true, but these are not such facts, for in the same petition petitioner acknowledges that he *voluntarily* agreed to plead guilty in the hope that his co-defendant who was his wife might receive probation. Thus the essence of his claim for relief is contradicted by his own admission, negating his earlier statement on which the majority relies. Therefore the ultimate facts asserted in the petition, taken with the motions, files and records, conclusively demonstrate, as the experienced trial judge held, that petitioner is not entitled to the relief sought. United States v. Sturm, 7 Cir., 180 F.2d 413, 414, certiorari denied, 1950, 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388.

Nor is there, to me, any basis for surmising that counsel's representation of petitioner's wife and another co-de-fendant may have resulted in "ineffective assistance of counsel."

The trial court's action "made on the trial court's responsibility and conscience as a judge" is entitled to controlling weight where the very facts on which a hearing is requested are contradicted by the petitioner in a single document. Adams v. United States, 1955, 95 U.S. App.D.C. 354, 357, 222 F.2d 45, 48.

This action goes beyond granting the accused his "rights." It is an unrealistic emphasis on empty form wholly unrelated to substance.