James A. MOORE, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 13739, 13740.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 12, 1957.

Decided Oct. 24, 1957.

Mr. Joseph Sitnick, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

■ These are appeals from a denial of a motion to vacate sentences under 28 U.S.C. § 2255 (1952). We find no error affecting substantial rights. The allegations in the petition, even taking them to be true, would not justify the relief requested; in such a case, denial without a hearing is proper. See Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45; White v. United States, 1956, 98 U.S.App.D.C. 274, 235 F.2d 221; Morris v. United States, 1957, 101 U.S. App.D.C. 296, 248 F.2d 618. Appellant relies on Bailey v. United States, 1957, 101 U.S.App.D.C. 236, 248 F.2d 558; and Jenkins v. United States, 1957, 101 U.S.App.D.C. 349, 249 F.2d 105, but those cases presented allegations which, if established, would justify relief.

■ Here the main allegation is that appellant's retained trial counsel, in advising him to plead guilty after most of the Government's evidence was in and a mistrial had been declared because of a volunteered statement by a witness, said that the case "could be won on appeal" if a plea were made. There are, of course, situations in which allegations of lack of effective assistance of counsel can, as a practical matter, be evaluated only after full hearing and investigation. Such a case was Jenkins, supra, where the allegations made were not only serious, but were capable of objective proof and assessment, relating as they did to a specified conflict of interest. In the present case no conflict of interest is suggested, and the transcript appears to show capable representation. The case against the accused was strong. After making his plea, he received a light sentence. The advice to plead guilty was probably good and certainly reasonable.

Therefore it could not deprive the accused of the effective assistance of counsel, even if counsel accompanied it with the erroneous prediction which the appellant attributes to him.

Affirmed.