**UNITED STATES**
v.
**Carroll M. JENKINS.**
No. 1031–53.

United States District Court
District of Columbia,
Criminal Division.

Oct. 30, 1957.

Hamilton Kenner, Washington, D. C., for petitioner.

Oscar Altschuler, Asst. U. S. Atty., Washington, D. C., for respondent.

YOUNGDAHL, District Judge.

Petitioner moved on February 9, 1957, under 28 U.S.C. § 2255 to vacate and set aside the judgment and sentence which convicted him of forging and uttering a government check. Petitioner alleged that he was in fact not guilty but pleaded guilty because "the attorney encouraged, induced, me to plead guilty to a crime I didn't commit with the understanding by the attorney and the judge that I wouldn't get much time." He was "reluctant to accept counsel's advice notwithstanding the promise that my wife would be exculpated of the charge."

This Court denied the motion on the ground that "The motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Petitioner asked for leave to appeal, which was granted by this Court.

The United States Court of Appeals for the District of Columbia Circuit, 249 F.2d 105, vacated the judgment and remanded the case for a hearing to determine the validity of the petitioner's allegations of ineffective counsel; specifically, the possibility of a conflict of interest between that of petitioner and his co-defendants who were represented by the same counsel.

A hearing was held pursuant to the mandate on October 23, 1957. At the hearing petitioner, represented by new counsel, testified on the question. Mr. Stanley Dietz, his counsel at the time of his plea of guilty, and Mr. Floyd Burroughs, the United States Probation Officer who had talked to the petitioner after his plea, but before his sentencing, also were called to the stand.

**590**

Petitioner, when questioned by the Court concerning the allegation in his motion that his plea was with the "understanding by the attorney *and the judge*",[1] admitted that this allegation was untrue and that he had signed the petition unaware of all the petition contained.

Mr. Dietz testified that he did not recollect the matter which had occurred four years before, but he could state definitely that he "would never advise someone to plead guilty after the story Jenkins told today."

Probation Officer Burroughs testified that when he spoke to Jenkins no claim such as this was made by the petitioner. Officer Burroughs testified, on the contrary, that Jenkins admitted receiving the check from Fields, giving it to Howard, being present when the check was cashed, and dividing the proceeds.

Based on the testimony, and after a careful consideration of the motion and records of the case, the Court makes the following finding of fact and law:

█ The Court finds that the petitioner was not induced to plead guilty by any promise of leniency, nor was ever urged to plead guilty by his counsel in order that his common-law wife, an accomplice in the case, would be granted probation. The Court finds no basis for petitioner's claim that there was any conflict of interest between the defendants which resulted in ineffective counsel.

Before resentencing, in accord with the Court of Appeal's order, both counsel and petitioner made a statement on petitioner's behalf as required by Rule 32 (a) of the Federal Rules of Criminal Procedure, 18 U.S.C.

█ Taking into consideration the four years that the petitioner has already served, the absence of violence in the commission of the offense, the petitioner's good employment record prior to the commission of the offense, and the feeling of the Court that consecutive sentences imposed for various parts of one whole can frequently be unduly severe, the Court resentenced the petitioner to four months to one year and a day on count one and four months to one year and a day on count three, the two sentences to take effect from the date of the resentencing and to run concurrently.