John Allen **KENDRICK**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14149.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 3, 1958.

Decided Feb. 27, 1958.

* Sitting by designation pursuant to the provisions of Sec. 294(a), Title 28 U.S.Code.

der the circumstances, we think that appellant was not entitled to relief under Section 2255. See Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45 (1955); Martin v. United States, 101 U.S.App.D.C. 412, 248 F.2d 651 (1957); Moore v. United States, 101 U.S.App.D.C. 412, 249 F.2d 504 (1957).

Affirmed.

---

Mr. John L. Laskey, Washington, D. C. (appointed by the District Court) for appellant.

Mr. John W. Kern, III, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, and Harold D. Rhynedance, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. E. Tillman Stirling, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, WASHINGTON and BURGER, Circuit Judges.

## PER CURIAM.

In 1956 appellant was convicted and sentenced for assault with a deadly weapon. The conviction was affirmed on direct appeal, Kendrick v. United States, 99 U.S.App.D.C. 173, 238 F.2d 34 (1956). On motion to vacate sentence under 28 U.S.C. § 2255, filed a year after the sentence, appellant raises for the first time the claim that he was denied the right to accompany the jury to view the premises where the crime took place. The District Court denied the motion after a hearing.

Whatever may be the nature of the right of an accused to be personally present during a view,[1] the record discloses that appellant's absence from the view was the decision of his retained counsel,[2] as a matter of trial strategy, and that appellant made no effort at the trial or on the direct appeal to raise the point. Un-

1. See Fed.R.Crim.P. 43, 18 U.S.C., which states "The defendant shall be present * * * at every stage of the trial * * *." But cf. Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), decided before the Federal Rules were promulgated.

2. Trial counsel who was selected and engaged by appellant for his trial and prior appeal has been replaced by counsel appointed by the District Court to represent him in the instant Section 2255 proceedings.