**UNITED STATES of America**

v.

Roland J. LINDSEY.

Crim. Nos. 68168, 68169.

United States District Court
District of Columbia.

Oct. 29, 1959.

Joseph D. Di Leo, Washington, D. C., for defendant-movant.

Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for the United States.

YOUNGDAHL, District Judge.

This cause came on for hearing on defendant's motion pursuant to 28 U.S.C. § 2255 to vacate and set aside the sentences imposed upon him in Criminal Cases Nos. 68168 and 68169.

This case has a long history. On July 29, 1941, the defendant was indicted in this court for rape and assault with intent to kill. With Justice Adkins presiding, a jury found defendant guilty on both charges and added the words "with the death penalty" to their guilty verdict on the rape charge. See D.C.Code § 22–2801. The death penalty was imposed by Justice Adkins on October 31, 1941, along with a sentence of five to fifteen years under the guilty verdict of assault with intent to kill. The Court of Appeals reversed the convictions, with Judge Edgerton dissenting. Lindsey v. United States, 1942, 77 U.S.App.D.C. 1, 133 F.2d 368. On May 17, 1944, the defendant was sentenced by Judge McGuire to five to fifteen years on each indictment, the sentences to run consecutively. No appeal was taken.

On July 6, 1954, the defendant filed a motion under 28 U.S.C. § 2255 to vacate the sentences, alleging that his pleas of guilty were a result of the inducements of his attorney and the government counsel. This motion was denied without a hearing on September 20, 1954, by Judge McGuire and no appeal was taken.

On September 1, 1954, a motion for reduction of sentence was made and on September 30, 1954, it was denied by Judge McGuire.

On August 22, 1956, a motion entitled "Motion for reduction of sentence" was filed in which the defendant alleged that his constitutional rights had been violated. Judge McGuire denied this motion without a hearing on September 13, 1956. No appeal was taken.

On July 29, 1958, the defendant filed another § 2255 motion alleging a violation of his Sixth Amendment rights in that he had been in jail for the sixteen months between the date he was awarded a new trial (on the basis of the Court of Appeals' mandate) and the date he was sentenced and in that his attorney had been incompetent. In addition, he alleged that he was sentenced without being indicted, without pleading guilty, and without having compulsory process. He mentioned that the "crucial issue" at his trial had been his sanity and that the expert opinion on the question had been divided; further, that six months before the crimes occurred, he had been paroled from the Crownsville State Hospital in Maryland where he had been committed "for a psychotic condition".

When Judge McGuire, on September 4, 1958, denied this motion without a hearing, the defendant appealed. The Court of Appeals, stating that it appeared "some of the allegations of the motion if established might have entitled him to some relief", reversed and remanded for a hearing. 273 F.2d 77 (June 16, 1959). Judge McGuire withdrew from participation [1] and the Assignment Commissioner referred the case to me.

The Court has held a hearing and heard testimony from Judge McGuire, Richard T. Atkinson (defendant's attorney at his trial and at the time of sentencing) and the defendant, who was represented at the hearing by court-appointed counsel. In addition, the records in the case have been carefully examined.

The Court finds that the defendant formally pleaded guilty to each of the two charges of assault with intent to rape and assault with intent to kill; that these pleas were voluntarily made with full understanding of their significance and potential consequences, in complete compliance with Federal Rule of Criminal Procedure 11, 18 U.S.C.; that the pleas were not the result of deceitful promises by defendant's counsel or the United States Attorney's office; and that the defendant was represented by counsel at the time of the pleas and sentencing. This finding also disposes of the broad claim that defendant was denied the effective assistance of counsel since "ineffective assistance of counsel * * * is immaterial in an attempt to impeach a plea of guilty, except perhaps to the extent that it bears on the issues of voluntariness and understanding." Edwards v. United States, 1958, 103 U.S. App.D.C. 152, 154–155, 256 F.2d 707, 709–710. Nor is relief proper under Federal Rule of Criminal Procedure 32 (d) because there is here no such "manifest injustice" as the rule requires.

Although sixteen months elapsed between the date of Justice Adkins' order awarding a new trial and the date the defendant was sentenced, there is nothing to indicate that the defendant was prejudiced by this passage of time. Indeed, from the testimony of Mr. Atkinson, it appears, and the Court finds, that counsel was of the opinion it was in the best interests of the defendant to allow a "cooling off" period. Hindsight confirms that counsel's belief was sound: In May, 1944, the Government was willing to accept pleas of guilty to offenses not punishable by death. Furthermore,

1. On the ground that his testimony regarding the defendant's pleas might be necessary at the hearing. There had been no reporter present at the proceedings on May 17, 1944 and consequently there is no transcript.

the defendant voluntarily entered guilty pleas *after* the alleged unlawful delay; in fact, he did not raise any objection to the delay until August 22, 1956—more than twelve years after sentence had been imposed. Under these circumstances, the Court finds the defendant's allegation regarding speedy trial to be without merit. Cf. James v. United States, 1958, 104 U.S.App.D.C. 263, 261 F.2d 381, certiorari denied 1959, 359 U.S. 930, 79 S.Ct. 613, 3 L.Ed.2d 631; Taylor v. United States, 1956, 99 U.S.App.D.C. 183, 238 F.2d 259.

The defendant has presented no evidence to warrant the Court in finding that he was incompetent at the time of his pleas and sentencing and the Court therefore finds that he was not incompetent.

In all other respects the motions, files and records conclusively show that the defendant is entitled to no relief. Moore v. United States, 1957, 101 U.S.App.D.C. 412, 249 F.2d 504.

Accordingly, the Court has filed herewith an order denying the defendant's motion in all respects.