James G. BURLEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6663.

United States Court of Appeals
Tenth Circuit.

Sept. 8, 1961.

**318**

Eugene Deikman, Denver, Colo., for appellant.

D. L. Giacomini, Denver, Colo. (Donald G. Brotzman, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appellant filed a motion to vacate and set aside a sentence imposed upon him for violation of the Narcotic Drugs Import and Export Act, 21 U.S.C.A. § 171 et seq. (See Lewis v. United States [Burley v. United States], 10 Cir., 277 F.2d 378), asserting that proceedings leading to his conviction were conducted without his presence and in violation of Rule 43, Rules of Criminal Procedure, 18 U.S.C. A.,[1] and the due process clause of the Fifth Amendment. The motion was filed with the sentencing court pursuant to 28 U.S.C.A. § 2255 and the requested relief denied, the trial court holding that "nothing appears in the motion, files and records of this case indicating lack of the fair trial guaranteed by the due process clause of the Fifth Amendment."

Inasmuch as the appellant contended that the record in Criminal Action No. 15945, by which he was convicted and sentenced, did not demonstrate his presence in the courtroom at certain stages of the trial, the prosecution has had certified portions of that record and submitted them as a portion of the record in this appeal. Appellant therefore objects to the consideration of this record on appeal since it was not introduced at a hearing on the motion filed. In fact, no hearing was held, as is permitted by Section 2255, by reason of which appellant makes further complaint.

Clearly, the language of Section 2255 contemplates the denial of hearing and review based on the record of conviction[2] and appellant's contention that he is entitled to a hearing in all instances upon the averments of his motion is clearly without merit.

The record reveals that the appellant was present during the examination of the jury, contrary to his claim, and that he was present on each day of the trial which followed.

He complains that he was not present at motion before trial, the trial setting, and matters considered in chambers during the course of the trial. Of these contentions, the trial court stated:

"The record discloses in the instant case that defendant's absences ment, plea, trial and imposition of sentence in the defendant's absence. The defendant's presence is not required at a reduction of sentence under Rule 35."

---

1. "The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes. In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraign-

2. 28 U.S.C.A. § 2255.
   " * * * Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice * * * etc.
   * * * * *
   "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing * * *".

were 'the decision of his retained counsel, as a matter of trial strategy' and that defendant 'made no effort at the trial or on direct appeal to raise the point.' Under these circumstances defendant is not entitled to relief under 28 U.S.C. Sec. 2255. Kendrick v. United States, D.C.Cir. [102 U.S.App.D.C. 296], 252 F.2d 860.

"Furthermore, the record fails to reveal any prejudice to defendant caused by his absences. The Court's handling of the matter of the continuance considered during defendant's absence was approved on direct appeal. [Lewis v. United States] Burley v. United States, 10 Cir., 277 F.2d 378. Defendant next alleges that he was absent when the Court denied a dismissal of the case by reason of the absence of a prosecution witness. Only an issue of law was presented and no advantage would have come from defendant's presence. See United States v. Johnson, 3 Cir., 129 F.2d 954; Stegall v. United States, 6 Cir., 259 F. 2d 83. The next allegation is that an offer of proof relating to Burley's defense of entrapment was made outside his presence. Defendant's counsel was present and the offer of proof also presented only an issue of law. And the matter contained in that offer was later testified to in Open Court in the presence of the defendant. * * *

"Defendant was represented by his retained counsel, no prejudice to defendant resulted from any absences, and there is no allegation that defendant ever asked to be present or was ever denied the right to be present."

However, appellant argues that he was absent at so many stages of his case, the total result was to deprive him of the opportunity to make key decisions affecting the basic outcome of his case. He asserts prejudice in that his counsel permitted him to be tried with his co-defendants, despite his motion for a sep-arate trial, and that he wanted a separate trial; in his absence during an offer of proof made by the U. S. Attorney relating to the defense of entrapment; in his absence during argument on his Motion to Dismiss, which was granted in part; and interrelated allegations which he has separated into a total of eleven claims of alleged prejudice.

A careful review of the record does not substantiate appellant's allegations or cast doubt upon the precision of the trial court's decision. The presumption of prejudice which appellant claims for his absences from these various proceedings during the course of trial, Fina v. United States, 10 Cir., 46 F.2d 643, is rebutted by the record as stated by the trial court.

Affirmed.