Barbara J. HANSEN, Admx., et al.,
Claimants, Appellants,

v.

TRAWLER SNOOPY, INC., Petitioner,
Appellee.

Misc. No. 224.

United States Court of Appeals
First Circuit.

Oct. 18, 1967.

**132**

Nathan Greenberg, Boston, Mass., on motion and memorandum for appellants.

Eugene Underwood, Owen B. Walsh, New York City, Philip G. Willard, Portland, Me., and Burlingham, Underwood, Barron, Wright & White, New York City, on memorandum in opposition.

## ON MOTION TO DISMISS

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Claimants-appellants on August 10, 1967, over 70 days after a judgment of exoneration in a liability proceeding originally brought on the then admiralty side of the district court, filed a notice of appeal. Petitioner moves to dismiss on the ground of untimeliness. Appellants point to 28 U.S.C. § 2107, which specifies a 90-day appeal period for admiralty cases.

The merger of the civil and admiralty sides of the court was accomplished on July 1, 1966. As of that date the revised civil rules became effective, Order of the Supreme Court, 383 U.S. 1031 (1966), and all laws in conflict with them became ineffective, 28 U.S.C. §§ 2072, 2073. The rules were made applicable to all cases then pending "except to the extent that in the opinion of the Court their application * * * would not be feasible or would work injustice, * * *." 383 U.S. 1031. In our opinion application of Rule 73(a), requiring an appeal to be taken in 30 days, transgresses neither limitation.

Unfortunately appellants continued to think they had 90 days in which to appeal. Even if such ignorance, 16 months after the revised rules were transmitted to Congress and almost a year after their effective date is, as ap-

pellants contend, "excusable neglect," such neglect can extend the time only 30 more days. F.R.Civ.P. 6(b), 73(a).

It is, perhaps, to be regretted that section 2107 was not repealed in express terms. However, we cannot possibly say that it was not inconsistent with the new rules within the meaning of 28 U.S.C. §§ 2072, 2073. 7A Moore's Federal Practice ¶¶ .02[2], .64[3].

The appeal is dismissed.