John **GALBRAITH**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 9605.

United States Court of Appeals Tenth Circuit.

Jan. 11, 1968.

**618**

Alex Stephen Keller, Denver, Colo., for appellant.

Milton C. Branch, Asst. U. S. Atty., (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before WOODBURY *, LEWIS and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

Appellant was convicted after trial to a jury on each of seven counts of an eight-count indictment charging substantive violations of the Securities Act of 1933, 15 U.S.C. § 77q(a). He was sentenced to concurrent terms of three and one-half years on Counts 1, 3 and 4, the second count having been dismissed by the trial court. Imposition of sentence on Counts 5, 6, 7 and 8 was suspended subject to a period of five years' probation to follow service of the penal term. He appeals, contending that each conviction was prejudiced by error in the admission of certain evidence and by the court's refusal to grant a continuance

and further asserts that the evidence was insufficient to sustain his conviction under Counts 5, 6, 7 and 8. We affirm the judgments.

Prior to trial and during the course of a Securities Exchange Commission civil investigation the government obtained possession by subpoena of numerous records from the Mountain States Bank of Denver, Colorado. These records constituted substantially the entire bank record of a corporation known as Insurance Investment Security, Inc., of which appellant was an officer and authorized to draw on such account in such capacity. The records so obtained included, in addition to records of the bank itself, numerous bank statements and canceled checks which would have been returned to the drawer under bank business routine but had been retained by the bank under "will call" instructions of its customer. Nearly two hundred of the documents were admitted in evidence at trial over appellant's objection that, absent his consent, possession of the evidence had been illegally obtained in violation of his rights under the Fourth and Fifth Amendments.

Appellant's objection to the subject evidence was ill-founded and properly overruled. The guarantees of the Fourth and Fifth Amendments are essentially personal privileges that cannot be projected to the seizure of papers and effects of another or to suppress the incriminating aspects of such records. Those records admitted in evidence which were the property of the bank were lawfully produced, appellant had no right in or to them, and consequently had no standing to premise his objection. Application of Cole, 2 Cir., 342 F.2d 5, and cases cited. The remaining records were those of the Insurance Investment Security, Inc., and again appellant had no constitutional standing, either as an individual or as an officer of the corporation, to premise an objection. United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542;

* Of the First Circuit sitting by designation.

United States v. Fago, 2 Cir., 319 F.2d 791.

 On the day of trial, counsel for appellant represented to the court that he was, without fault, inadequaely prepared to defend and sought, but was denied, a continuance. Such a motion is directed to the discretion of the trial court, Leino v. United States, 10 Cir., 338 F.2d 154, whose judgment will not be upset by this court unless the circumstances dictate a clear abuse of discretion resulting in a forced trial. Lewis v. United States, 10 Cir., 277 F.2d 378. Such difficulties as may have been presented to counsel were occasioned by lack of communication with appellant immediately before trial but were imposed by appellant's own conduct. While on bond and contrary to its terms, appellant had left the jurisdiction of the court and had returned for trial only under the compulsion of a bench warrant of arrest. We have, however, examined the record for prejudice attributable to the trial court's ruling and find none. Appellant was ably and energetically defended.

 Count 5 of the indictment charged appellant with a violation of 15 U.S.C. § 77q through a sale of a security to one Mrs. Mattie Olsen. The sufficiency of the evidence to warrant conviction under this count is questioned only by the claim that appellant was not sufficiently identified as a participant in the incident. Mrs. Olsen testified that on July 10, 1965, she purchased the subject security from two men, one of whom was introduced to her as appellant. She delivered her check to the men, made out by and to the person known to her as Galbraith, and subsequently received the security, a certificate of the Insurance Investment Security, Inc., signed by appellant as president. Mrs. Olsen, an 84-year-old widow, could not identify Galbraith by sight in the courtroom as the person to whom she delivered her check. However, we consider the evidence of Galbraith's continuing participation in the sale of the securities, his endorsement of the Olsen check and his execution and delivery of the corporate certificate as constituting sufficient evidence of circumstance permitting the jury to find that Galbraith actively participated in the defrauding of Mrs. Olsen. Appellant's valid conviction under Count 5 makes it unnecessary for us to review the appellant's contentions leveled at Counts 6, 7 and 8. As we have earlier stated, identical judgments were imposed on Counts 5 through 8. In such case, appellate consideration of the sufficiency of evidence may be limited to a review of any one count. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321; Carter v. United States, 10 Cir., 333 F.2d 354; McMurray v. United States, 10 Cir., 298 F.2d 619.