**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth E. HADDOCK, Defendant–
Appellant.**

No. 91–3075.

United States Court of Appeals,
Tenth Circuit.

May 15, 1992.

Rehearing Denied May 15, 1992.

Samuel Rosenthal, of Curtis Mallet–Prevost, Colt & Mosle, Washington, D.C., for defendant-appellant.

Kurt J. Shernuk (Lee Thompson, U.S. Atty., was with him on the brief), Asst. U.S. Atty., for plaintiff-appellee.

Before McKAY, Chief Judge, HOLLOWAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, and KELLY, Circuit Judges, and CHRISTENSEN, District Judge.[*]

## ORDER ON REHEARING

TACHA, Circuit Judge.

In his petition for rehearing, appellant Kenneth E. Haddock points out that our decision not to address his insufficiency of the evidence claim on Count 1 is inconsistent with cases in our circuit. The panel grants rehearing limited to this issue.

■ In this circuit, we have consistently held that when we reverse on appeal because of a procedural error at trial and remand for a new trial, we nevertheless must address the defendant's claim that evidence presented at trial on the reversed count was insufficient. We have reasoned that if evidence indeed was insufficient, retrial is barred by double jeopardy principles. *United States v. Perez*, 959 F.2d 164, 168 (10th Cir.1992); *United States v. Daily*, 921 F.2d 994, 1011 (10th Cir.1990), *cert. denied*, — U.S. —, 112 S.Ct. 405, 116 L.Ed.2d 354 (1991); *United States v. Sullivan*, 919 F.2d 1403, 1428 (10th Cir.1990); *United States v. Doran*, 882 F.2d 1511,

1526 (10th Cir.1989); *United States v. Massey*, 687 F.2d 1348, 1354 (10th Cir.1982); *United States v. Morris*, 612 F.2d 483, 491–92 (10th Cir.1979). Constrained by precedent on this matter, we grant appellant's motion for rehearing and address the sufficiency of the evidence on Count 1.[1] Accordingly, we now vacate the following sentence of our earlier opinion: "Because we reverse Haddock's conviction on Count 1 and remand for new trial on that count, we do not consider whether evidence was sufficient to convict on that count." *United States v. Haddock*, 956 F.2d 1534, 1548–49 (10th Cir.1992).

Count 1 charged Haddock with violating 18 U.S.C. § 656 by presenting a $960,892 check to the Bank of Herington as part of an agreement with the FDIC to acquire control of another bank, the First National Bank of Herington. The check was written on a Herington Bancshares account held at the Bank of Herington. The government presented evidence suggesting that Haddock knew that only $611,000 had been deposited in the account to cover payment of the check. The government contends that this allowed Herington Bancshares to have interest-free use of approximately $350,000 of the Bank of Herington's funds from April 3, 1987, when the check was written, until April 15, 1987, when Haddock deposited enough additional funds in the checking account to cover payment of the check. For reasons that were not made clear at trial, the check was not returned for insufficient funds during that twelve-day period.

■ To prove a violation of § 656, the government must show beyond a reason-

---

[*] The Honorable A. Sherman Christensen, Senior District Judge for the United States District Court for the District of Utah, sitting by designation.

1. We note that several of our sister circuits recently have arrived at an opposite conclusion based on *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). *United States v. Miller*, 952 F.2d 866, 870–74 (5th Cir.1992) (reversing *United States v. Sneed*, 705 F.2d 745 (5th Cir.1983) and holding that "under *Richardson* jeopardy has not terminated"; Double Jeopardy Clause does not bar retrial), *petition for cert. filed*, (U.S. Apr. 10, 1992) (No. 91-1617); *United States v. Douglas*, 874 F.2d 1145,

1149–51 (7th Cir.) (in light of *Richardson*, court was not convinced that Double Jeopardy Clause compels appellate court to review sufficiency of evidence), *cert. denied*, 493 U.S. 841, 110 S.Ct. 126, 107 L.Ed.2d 87 (1989); *United States v. Porter*, 807 F.2d 21, 22–24 (1st Cir.1986) (reasoning of *Richardson* controls; jeopardy of first trial never terminated), *cert. denied*, 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987); *see also Evans v. Court of Common Pleas*, 959 F.2d 1227 (3d Cir.1992) ("reversal of [a defendant's] conviction for trial error simply continues the jeopardy that was begun in her first trial," and "double jeopardy is not implicated, '[r]egardless of the sufficiency of the evidence at [her] first trial' ").

able doubt that (1) the defendant was an executive officer of the bank, (2) the bank was connected in some way to the Federal Reserve System, (3) the defendant willfully misapplied the funds of the bank, and (4) the defendant acted with the intent to injure or defraud that bank. 18 U.S.C. § 656; *United States v. Unruh*, 855 F.2d 1363, 1367 (9th Cir.1987), *cert. denied*, 488 U.S. 974, 109 S.Ct. 513, 102 L.Ed.2d 548 (1988).

■ Haddock cites several cases, including *Williams v. United States*, 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982), and *United States v. Cronic*, 900 F.2d 1511 (10th Cir.1990), for the proposition that presentation of a single check written on an account with insufficient funds cannot sustain an allegation of criminality. We disagree that *Williams* and *Cronic* support such a broad proposition. In *Williams*, the Supreme Court reversed the defendant's conviction under 18 U.S.C. § 1014 by holding that the writing of a check "did not involve the making of a 'false statement'" as required under § 1014. *Williams*, 458 U.S. at 284, 102 S.Ct. at 3091. Other cases have applied the reasoning of *Williams* to statutes requiring a showing of a false representation or pretense. *See, e.g., United States v. Bonnett*, 877 F.2d 1450, 1456–57 (10th Cir.1989) (applying *Williams* to 18 U.S.C. § 1344(a)(2)); *United States v. Kucik*, 844 F.2d 493, 498–500 (7th Cir.1988) (applying *Williams* to 18 U.S.C. § 2113(b)). However, to be convicted under § 656, a defendant need not have made a false statement or representation. For this reason, *Williams* and other "false statement" cases cited by Haddock are not relevant to a conviction under § 656.[2]

■ Overdrafts alone are insufficient to establish a violation of § 656. *United States v. Hughes*, 891 F.2d 597, 599 (6th Cir.1990). However, when there is evidence that a bank executive willfully misapplies funds by writing a check on an account lacking sufficient funds and does so with the intent to defraud or injure the bank, then an overdraft can become the basis for a § 656 violation. *See Hughes*, 891 F.2d at 600; *Unruh*, 855 F.2d at 1368–69; *Swingle v. United States*, 389 F.2d 220, 222 (10th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2285, 20 L.Ed.2d 1386 (1968).

■ At the time Haddock signed and presented the $960,892 check, he was chairman of the board, president, and chief executive officer of the Bank of Herington—the payee of the check. He clearly exercised substantial control over the bank's twelve or so employees and over much of what occurred at the bank. He also was the primary shareholder of Herington Bancshares—the holding company on whose account the check was written. Because he negotiated with the FDIC to acquire control of the First National Bank of Herington, Haddock clearly was aware of the amount of money that was to be injected into the Bank of Herington on April 3, 1987. Although the amount of the check exceeded deposits in that account by almost $350,000, the check oddly was never returned.[3] Given the amount of control Haddock exercised over all aspects of this transaction and over the Bank of Herington, we conclude that evidence presented regarding Haddock's actions—viewed in the light most favorable to the prosecution—was sufficient to warrant a reasonable jury's finding that Haddock willfully

2. In *Cronic*, we reversed a defendant's conviction under 18 U.S.C. §§ 1341, 1343 & 1344 for overdrafting his checking account. However, we did not—as appellant implies—hold that a check written on an account with insufficient funds cannot violate these statutes. Instead, we held that the government, by allowing the jury to be instructed only according to the language of § 1341 and not according to §§ 1343 and 1344 (prohibiting a "scheme to defraud"), "saddled itself with the burden of establishing that money was obtained ... *by means of* false and fraudulent *pretenses, representations, or promises.*" 900 F.2d at 1515. Accordingly, under the reasoning in *Williams*, we held that the jury

could not have found the defendant guilty of these charges when the evidence only showed that he wrote checks on an overdrawn account.

3. We also note that, according to evidence presented at trial, a significant portion of the approximately $350,000 that Haddock finally deposited into the Herington Bancshares account to cover the check written on April 3 came from the $250,000 that Haddock received from the Bank of White City as a downpayment for the purchase of the Easton loan package. The receipt and use of this $250,000 is the subject of Haddock's conviction on Count 3.

misapplied bank funds with the intent to injure or defraud the bank. *See Unruh,* 855 F.2d at 1369 (question of whether checks written by insider causing negative average balance of $64,000 on thirty-nine of fifty-six days constituted willful misapplication with intent to injure or defraud bank was for the jury); *see also Hughes,* 891 F.2d at 600 (a bank customer's "fiscal laxity" in allowing checks to exceed deposits by more than $36,000 "can be construed as reckless disregard for the interests of the Bank which could warrant a jury finding of intent to injure or defraud the Bank"); *Swingle,* 389 F.2d at 222 ("evidence show[ed] there was more than the payment of overdrafts" where checks written by bank president were "held and presented each day without posting" and no deposits were required to cover them).

The remainder of Haddock's contentions raised in his petition for rehearing are without merit.

In accordance with Rule 35(b), Federal Rules of Appellate Procedure, the suggestion for rehearing en banc was transmitted to all of the judges of the court who are in regular active service. No member of the panel and no judge in regular active service on the court having requested that the court be polled on rehearing en banc, the suggestion for rehearing en banc is denied.