8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Fehr COLTON, Defendant-Appellant.
 No. 92-6850.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 28, 1993.
Decided: November 4, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 August C. Draeb, DRAEB LAW OFFICES, for Appellant.
 Richard D. Bennett, United States Attorney, Gary P. Jordan, First Assistant United States Attorney, for Appellee.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Steven Fehr Colton entered guilty pleas to three counts of making false statements in a matter within the jurisdiction of a federal agency in violation of 18 U.S.C. §§ 1001-2 (1988). The court sentenced Colton to twenty-seven months imprisonment on each count to run concurrently and two years of supervised release. Colton did not appeal his convictions or sentences. Instead, he filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (1988). The district court denied the motion and denied reconsideration. Colton then appealed to this Court.
 
 
 2
 Colton's convictions stem from false statements he made to the Food and Drug Administration ("FDA") in the course of his employment with Vitarine Pharmaceuticals, Inc. as a Vice President and Director of Research and Development. Colton informed Vitarine of his wrongdoing before any criminal investigation began. Vitarine then notified the FDA. Colton and the government subsequently entered into a "proffer" agreement under which Colton would provide the government with information concerning his activities which the government could use in the prosecution of others. In exchange, the government promised that no truthful information Colton provided would be used against him.
 
 
 3
 The parties later entered into a plea agreement. The parties stipulated in that agreement to the calculation of Colton's sentence under the guidelines.
 
 
 4
 Colton did not object to the government's summary of the agreement or the evidence at his Rule 11 hearing on his guilty plea. Colton informed the court that he had no objections to the summary of evidence, that no one was forcing him to plead guilty, that he was not pleading guilty in exchange for a lenient sentence, and that he was pleading guilty because he was "in fact guilty of the charges in the Criminal Information." The court then found that the plea was voluntary and that it had a basis in fact.
 
 
 5
 After preparation of a pre-sentence report, to which Colton raised no significant objections, the court sentenced Colton to twenty-seven months of incarceration on his guidelines offenses. The report noted that counts one and two were grouped under U.S.S.G.s 3D1.2(b) because they were related offenses and that count three did not fall under the Guidelines. The report also noted that any sentence imposed on count three was to run concurrently with the Guidelines sentences. Colton did not appeal.
 
 
 6
 Colton alleges that the monetary gain to Vitarine resulting from conduct underlying count three was improperly used to enhance his sentence for counts one and two. Colton, however, raised no objection to the grouping at sentencing, and the record discloses that his offenses were properly grouped. If no contemporaneous objection was made, the proper standard of review in a § 2255 collateral attack is a "cause and actual prejudice" standard. United States v. Frady, 456 U.S. 152 (1982). Possibility of prejudice is not enough. The error must work to the defendant's actual and substantial disadvantage. Id.
 
 
 7
 Colton did not allege cause in regard to this claim in his § 2255 motion, his motion for reconsideration, or in his briefs in this Court. Though failure to object to improper grouping resulting in a higher sentence than warranted may be ineffective assistance of counsel, the grouping in Colton's sentencing was proper-enhancement of a sentence for a later offense based on losses associated with crimes that were committed prior to the effective date of the Guidelines does not violate the Ex Post Facto Clause. United States v. Haddock, 956 F.2d 1534, 1553-54, on reh'g, 961 F.2d 933, cert. denied, 113 S. Ct. 88 (1992); United States v. Ykema, 887 F.2d 697, 700 (6th Cir. 1989), cert. denied, 493 U.S. 1062 (1990).
 
 
 8
 Colton also asserts that his sentence was improperly enhanced because of financial gain to Vitarine under U.S.S.G.s 2F1.1. He states that there was never any mention of financial gain as the objective of his actions. Colton did not raise this objection at sentencing, so he must demonstrate cause and prejudice under Frady. Since the enhancement was proper under the Guidelines, Colton can demonstrate neither cause nor prejudice for failure to assert this issue at his sentencing.
 
 
 9
 Colton asserted in his motion for reconsideration of his § 2255 motion that the government breached its agreement contained in the "proffer letter" and in fact used incriminating disclosures against him at sentencing. Colton did not raise this objection at his guilty plea hearing or at his sentencing, and, as previously noted, he did not appeal his convictions or sentences. Thus, he must demonstrate cause and prejudice under Frady. He has failed to demonstrate either.
 
 
 10
 Colton asserts that he received ineffective assistance of counsel because his attorney failed to object at sentencing and because he failed to inform the court of the proffer letter granting him immunity. In order to prove that he received ineffective assistance of counsel at sentencing Colton must establish that his counsel was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 11
 Under Strickland, Colton must establish that his legal representation fell below objective standards of reasonableness and that but for his attorney's incompetence, there is a reasonable probability that the outcome of the proceeding would have been different. 466 U.S. at 687-91, 694. Since the court properly sentenced Colton as previously discussed, his attorney's conduct cannot be said to fall below any objective standard of reasonableness. Neither is it likely that the outcome of his trial would have been different had his attorney objected.
 
 
 12
 For these reasons, we affirm Colton's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.*
 
 AFFIRMED
 
 
 *
 Since we have considered Colton's appeal in the normal course of the appellate process, we deny his Motion to Expedite Appeal