19 F.3d 1444
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben DEPERALTA, Defendant-Appellant.
 No. 93-3235.
 United States Court of Appeals, Tenth Circuit.
 March 25, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Ruben Deperalta appeals from his conviction and sentence for making materially false omissions on documents submitted in conjunction with an application for a federally guaranteed loan, 18 U.S.C. 1014, arguing for the first time on appeal that the indictment was duplicitous. We have jurisdiction under 28 U.S.C. 1291 and 18 U.S.C. 3742 and we affirm.
 
 Background
 
 2
 In July 1989, Mr. Deperalta and his wife submitted a loan application to the United Kansas Bank for a Small Business Administration (SBA) guaranteed loan. This initial application made no mention of an outstanding $12,000 disaster loan, also guaranteed by the SBA, obtained by Mr. Deperalta some years earlier. In September 1989, Mr. Deperalta submitted a signed personal financial statement which also omitted the prior SBA disaster loan.
 
 
 3
 On August 9, 1989, an amendment to 18 U.S.C. 1014 became effective, raising the maximum penalty from two years to twenty years imprisonment. Mr. Deperalta was subsequently indicted for violation of 1014. The indictment described the alleged July and September misrepresentations in one count. Mr. Deperalta was convicted of willful misrepresentation under 18 U.S.C. 1014 and was sentenced to 28 months imprisonment pursuant to the amended statute.
 
 Discussion
 
 4
 Mr. Deperalta argues that because the July and September misrepresentations were separate offenses under 18 U.S.C. 1014, grouping them under one count was duplicitous and thus in violation of his due process rights. Because this argument was not raised at trial, we review only for plain error. United States v. Pace, 981 F.2d 1123, 1128 (10th Cir.1992), cert. denied, 113 S.Ct. 1401 (1993).
 
 
 5
 Section 1014 of Title 18 reads: "Whoever knowingly makes any false statement ... for the purpose of influencing in any way the action of [a federally insured banking institution] ... upon any application ... shall be fined [or sentenced] .... " (emphasis added). We read this statute to mean that one or more false statements made as part of one application constitute one offense. See United States v. Haddock, 956 F.2d 1534, 1549-50, on reh'g, 961 F.2d 933 (10th Cir.), cert. denied, 113 S.Ct. 88 (1992). Indeed, it has been noted that "[section]1014 is targeted at fraudulent loan transactions, rather than the particular falsehoods used to achieve the illegal transactions." United States v. Mangieri, 694 F.2d 1270, 1282 (D.C.Cir.1982) (emphasis in original).
 
 
 6
 Here, Mr. Deperalta submitted a loan application in July and a financial statement in connection with the application in September. Because both sets of papers were submitted as part of one loan transaction, Mr. Deperalta committed only one section 1014 offense. Thus, the indictment under which he was convicted was not duplicitous.
 
 
 7
 We review the legality of Mr. Deperalta's sentence de novo. United States v. Teehee, 893 F.2d 271, 273 (10th Cir.1990). Because Mr. Deperalta's actions constituted only one offense and part of his actions occurred after the effective date of the amended statute, the district court did not err in sentencing him under the amended statute.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument